435 A.2d 1217

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William Robert WEBSTER.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed May 15, 1981.

Reargument Denied Oct. 26, 1981.

Petition for Allowance of Appeal Denied Jan. 26, 1982.

Act of 1976 repealed the Acts of 1860 and 1911 since we have already held the latter Acts repealed by the Act of 1966.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellant.

Joseph J. DelSordo, Media, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the orders of the Court of Common Pleas of Delaware County, Criminal Division, involving a Commonwealth appeal from an order which found the defendant's arrest to be illegal. The court also held that the search of defendant and his confession were so connected to his illegal arrest so as to be tainted by the arrest. The court further held defendant's confession to be inadmissible because, as a juvenile, he had not had the opportunity to confer with his mother prior to confessing.

The defendant was arrested on January 11, 1980, a few weeks before his 18th birthday. (His date of birth is February 2, 1962). The arrest was made by Pasquale Mignogna, of the Upper Chichester Township Police Department at 12:30 P.M. at the Baltimore & Ohio railroad track overpass at Route 452 in Upper Chichester Township. The arrest was for a burglary which had occurred in the township between 11:00 A.M. and 11:40 A.M. Two other juveniles were also arrested.

After his arrest the defendant was brought to the Aston Township Police Department (Delaware County) for questioning relative to another burglary committed several days prior to January 11, 1980.

As the Aston Township Police station Officer David D'Angelo attempted to contact the defendant's mother for almost an hour. When he reached her she informed him that her older son, Edward, had legal custody over the defendant, and that Edward would be there. When Edward arrived at the station, he and the defendant were left in the room alone to talk. When they returned the defendant signed a waiver and gave two statements to the police, one oral and one written. The statement concerned the Aston Township burglary and took ten minutes to complete. Criminal Complaints relative to the burglaries were subsequently filed

against the defendant and the cases transferred to Adult Court. The defendant then filed various pre-trial motions and on March 11, 1980, the court ordered defendant's confessions, his fingerprints taken at the Aston Township police station, and the evidence obtained at the time of his arrest suppressed. The Commonwealth took this appeal.

An opportunity to consult with an interested adult is a prerequisite to an effective waiver of a constitutional right by a juvenile. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). The court below held that the defendant's 21 year old brother was not in "interested adult" as that term is applied to the prerequisite of juvenile confessions. We do not agree. In the instant case the defendant was several weeks shy of being an adult (age 18), the police contacted his mother (after considerable effort) only to be informed by her that her other son was the defendant's legal guardian, defendant's brother was an adult, and the defendant was permitted to consult with his brother and his brother's wife prior to his confession. Under this set of circumstances we cannot hold that the police violated defendant's right to consult with an "interested adult" prior to waiving his right to remain silent. In fact it appears that defendant's brother was certainly more "interested " in defendant's welfare than was his mother since the brother at least took the time to go to the police station and consult with the defendant while his mother would not. A juvenile must be afforded the opportunity to confer with "an attorney, parent, or *other interested adult*" prior to effecting a valid waiver of his constitutional right to remain silent. *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977). (Emphasis-ours). Nowhere has it been held that *only* a parent qualifies as an "interested adult". Certainly an adult brother so qualifies. We hold that the court below erred when it found that defendant's confession was inadmissible because he was not afforded the opportunity to confer with an "interested adult" prior to giving his confession.

We also hold that the court below erred when it suppressed the evidence obtained as a result of defendant's

arrest. Detective Mignogna arrived at 717 Dulten Street, Upper Chichester Township at noon on January 11, 1980. He was informed that a burglary had been committed at that address on the same date less than an hour before his arrival there. Upon arriving at the house he observed the doorway where the entry had been made and discovered footprints in the new snow which led away from the rear of the home towards the B & O railroad tracks. Another officer radioed Mignogna and informed him that he had observed three youths along the same railroad tracks a few minutes previous to the call. The youths were observed about one-quarter mile from the burglarized house, moving away from the house, with objects in their hands which appeared to be radios. Following the directions of the other officer, Mignogna returned to his vehicle and drove to the Route 452 overpass where he intercepted the youths. When the police attempted to halt the youths two of them fled. The defendant did not flee and was apprehended immediately. The other two youths were subsequently apprehended, all three youths were searched and several stolen items were found in the possession of each of the culprits. The police also discovered several of the stolen items along the railroad tracks between the burglarized house and the place of the defendant's apprehension. Because the police did not have a description of the burglars' race, sex, and physical descriptions and because they did not have a list of the stolen items at the time of the defendant's arrest the court below held that the arrest was illegal and also suppressed all of the evidence seized as a result of the arrest. This was error.

An officer who lacks probable cause to arrest may make a brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Thus, even if the police lacked sufficient probable cause to arrest the defendant they did have enough to justify a stop of the defendant and his cohorts. The officer knew that a burglary had been committed less than an hour previously,

had observed the doorway of the home where the burglars had entered, and had observed tracks in the snow leading away from the house towards the railroad tracks where the defendant and his comrades were seen moving away from the house towards the overpass with radios in their possession. This knowledge clearly constituted sufficient grounds for Detective Mignogna to halt the youths to preserve the status quo. Surely he should not have been expected to stand by helplessly and watch the culprits disappear. When two of the youths fled after being addressed the police were justified in apprehending them and searching them for possible weapons thereby revealing various stolen items. The other stolen items found along the railroad tracks were also properly seized as they were abandoned by the youths and in plain view. See *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976). The items seized included several rings, one a gold one with seven diamonds, another a gold one with a shield emblem on it, and another a blue sapphire star-type ring with four diamonds. Radios and other items commonly found in a home were found along the railroad tracks. It would be ludicrous to hold that the discovery of these items in possession of a juvenile did not constitute probable cause to arrest him for the burglary in light of his proximity in both time and place to the site of the burglary, the incriminating footprints, and his companions' attempts to flee. See *Commonwealth v. Lovette*, 271 Pa.Super. 250, 413 A.2d 390 (1980). Thus, we hold that the court below erred when it suppressed the evidence found in defendant's possession at the time of his apprehension.

The judgment of sentence is reversed and the appeal remanded to the lower court for further proceedings.

PRICE, J., files a concurring and dissenting statement.

PRICE, Judge, concurring and dissenting:

I concur in the majority's conclusion that the appellee's arrest was proper and the evidence secured by the arrest and search of appellee was improperly suppressed.

278

I dissent from that portion of the majority's opinion which holds that appellee's brother was an interested adult. To my view the record does not support such a conclusion, and therefore, I would hold that appellee's statements were properly suppressed.