## PennDOT v. Miller

*James V. Fareri, deputy attorney general,* for the Commonwealth.

*John V. Rovinsky,* for defendant.

O'BRIEN, J., May 30, 1986 —

## FINDINGS OF FACT

(1) Bryden F. Miller was born on March 16, 1968, and resides in Monroe County, Pa.

(2) On January 25, 1986, at approximately 6:30 a.m., Trooper Fazio of the Pennsylvania State Police observed appellant drive through a stop sign at the intersection of Routes 423 and 191 in Wayne County, Pa. and proceed North on Route 191 in an erratic manner.

(3) After following appellant for approximately two miles, the trooper stopped appellant and requested him to pull his vehicle off the highway.

(4) The trooper, observing that appellant had blood-shot eyes and acted confused, requested appellant to take a field sobriety test during which he performed poorly.

(5) Trooper Fazio advised appellant that he was under arrest and would be required to travel to the Honesdale Police Barracks for purposes of taking a breathalyzer test.

(6) At the police barracks the trooper explained to appellant the implied-consent law including the fact that a refusal to take the breathalyzer test would result in an automatic one-year suspension of operating privileges. Defendant refused to take the test.

(7) Following the refusal, the trooper telephoned appellant's father who came to pick him up at the barracks.

(8) On March 17, 1986, the Department of Transportation notified appellant that his operating privileges were being suspended for a period of one

year. Appellant filed a timely appeal to this court.

(9) Subsequent to appellant's 18th birthday, a juvenile petition concerning appellant was filed and later dismissed by the Court of Common Pleas of Wayne County.

## DISCUSSION

75 Pa.C.S. 1547 provides in pertinent part as follows:

"(a) General rule. — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privi-

lege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons."

In his appeal, appellant argues since he was a juvenile at the time of the offense he was not subject to arrest and, therefore, the suspension provision of 75 Pa.C.S. 1547(b) would not be applied to him. While we admire the ingenuity of appellant's counsel in making this argument, we cannot adopt the absurd result which such an argument requires. The logical extension of appellant's argument would be that licensed drivers between the ages of 16 and 18 years of age would be the only persons exempted from the requirement of taking a breathalyzer test when suspected of driving under the influence. Clearly, such a result could not have been intended by the Legislature nor by our appellate courts. It is noteworthy that appellant has not presented any authority as precedent for this proposition. On the contrary, there are various indications in statute and case law that dictate the opposite conclusion.

The definition of the word "person" as set forth in section 1547(b) is not confined to an adult but is as follows:

"A natural person, firm, copartnership, association or corporation." (75 Pa.C.S. § 102).

Further, 42 Pa.C.S. § 6324 provides in pertinent part that a child may be taken into custody, "pursuant to the laws of arrest." Further, there are many reported cases which deal with various aspects of the "arrest of a juvenile." (See *Commonwealth v. Webster*, 291 Pa. Super. 271, 435 A.2d 1217 (1981)). All of the foregoing lead us to the conclu-

sion that a juvenile may be "placed under arrest" as that term is intended in section 1547(b). Since the evidence in this case clearly established that the officer did place appellant under arrest, the suspension for failure to take the breathalyzer test is appropriate.

## CONCLUSIONS OF LAW

1. A juvenile is subject to the provisions of 75 Pa.C.S. §1547(b).

2. The suspension of appellant's operating privileges for a period of one year for failure to take a breathalyzer test is mandated by law.

## ORDER

And now, this May 30, 1986, the appeal of Bryden F. Miller from the suspension of his operating privileges for a period of one year is dismissed and the supersedeas heretofore entered is terminated.