534 A.2d 106

**COMMONWEALTH of Pennsylvania**

v.

**George PEARSALL, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed Nov. 18, 1987.

328

C. Mitchell Clausner, Jr., Mount Pleasant, for appellant.

Anthony G. Marsili, Assistant District Attorney, Greensburg, for Com.

Before WIEAND, KELLY and POPOVICH, JJ.

KELLY, Judge:

Appellant, George Pearsall, appeals from judgment of sentence imposed following his conviction of rape, involuntary deviate sexual intercourse and corruption of minors. The charges arose from appellant's sexual abuse of the fifteen year old daughter of the woman with whom appellant lived. The child victim functions in the retarded range according to standard intelligence tests. The sexual assaults occurred at three different residences and occurred during a fifteen month period.

Appellant contends on appeal that: 1) the evidence was not sufficient to sustain the verdict; 2) the verdict is against the weight of the evidence; and 3) the trial court erred in permitting a licensed child psychologist to testify as an expert witness regarding child sexual abuse. We find no merit in appellant's contentions and accordingly affirm judgment of sentence.

## I.

Appellant's first and second contentions are predicated upon the same argument and therefore will be treated together. Appellant contends, alternatively, that the evidence was not sufficient to sustain the verdict, or that the verdict was contrary to the weight of the evidence. Appellant's contentions are based on the argument that, in light of specific alleged inconsistencies in the child victim's testimony, her testimony as to each of the elements of the offenses of which appellant was convicted was not sufficient to establish the existence of the elements beyond a reasonable doubt. Essentially, appellant contends that the child victim was not a credible witness.

In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth is entitled to all favorable inferences which may be drawn from the evidence. *Commonwealth v. Reddix,* 355 Pa.Super. 514, 523–24, 513 A.2d 1041, 1045 (1986); *Commonwealth v. Duffy,* 355 Pa.Super. 145, 149, 512 A.2d 1253,

1260–61 (1986). Where the evidence is conflicting, it is the province of the fact finder to determine credibility; it is the prerogative of the fact finder to believe all, part, or none of the evidence presented. *Commonwealth v. Hanes,* 361 Pa.Super. 357, 363 n. 6, 522 A.2d 622, 624 n. 6 (1987). Whether a new trial should be granted because the verdict is against the weight of the evidence is an issue addressed to the sound discretion of the trial court; a new trial should be granted only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Stambaugh,* 355 Pa.Super. 73, 512 A.2d 1216 (1986); *Commonwealth v. Datesman,* 343 Pa.Super. 176, 494 A.2d 413 (1985).

It is appellant's conduct, and not the verdict, which shocks the Court's sense of justice. Contrary to appellant's assertions, and despite the child victim's limited intellect, the record discloses no material inconsistencies or contradictions in the child victim's testimony. Appellant's assertions are simply not supported by the record; rather, the record clearly establishes that the child victim provided sufficient credible evidence to sustain each of the verdicts. (N.T. 3/6/86 at 39–89). Appellant's first and second contentions are found to be without merit.

## II.

Appellant's third and final contention is that the trial court erred in permitting a licensed child psychologist to testify as an expert witness regarding child sexual abuse. Appellant argues, alternately, that: the expert testimony invaded the province of the jury; the expert was not sufficiently qualified to give expert testimony because she is neither a medical doctor nor does she have a doctorate in psychology; and, the expert exceeded the scope of her expertise during her testimony.

### A.

Appellant argues:

As the entire trial transcript indicates, the primary witness for the Commonwealth had difficulty distinguishing fantasy from reality. Testimony by the expert witness ... created an inference which did not permit the trier of fact to adequately weigh the subsequent testimony of [the child victim], in that a preparatory framework had been laid for such testimony.

(Appellant's Brief at 6). Careful review of the record, however, reveals that appellant raised no such objection to the testimony in the trial court. The issue has been waived and is not properly before us on review. *Commonwealth v. Berrios,* 495 Pa. 444, 453–454, 434 A.2d 1173, 1178 (1981); *see also* Pa.R.Crim.P. 1123.[1]

### B.

Appellant argues further that the Commonwealth's expert was not sufficiently qualified to offer opinions on these subjects and that she exceeded the scope of her expertise.

---

**1.** In *Commonwealth v. Baldwin,* 348 Pa.Super. 368, 502 A.2d 253 (1985), this Court held that expert testimony regarding the general behavioral and psychological characteristics of child sexual abuse victims was admissible in a case involving child sexual abuse. In *Commonwealth v. Seese,* 512 Pa. 439, 517 A.2d 920 (1986), our Supreme Court held that expert testimony as to the veracity of a child sexual abuse victim impermissibly encroached upon the province of the jury and that the trial court abused its discretion by admitting such evidence. Upon review of the majority and concurring opinions in *Commonwealth v. Seese, supra,* we find nothing to suggest that our holding in *Commonwealth v. Baldwin, supra,* has been disturbed. We note that there is a fundamental distinction between expert testimony which supports the credibility of a witness inferentially by establishing that a witness' testimony is *consistent* with the acts and responses evidenced in known child abuse cases, and expert testimony which presumes to pass directly upon the *veracity* of a particular witness. We read *Commonwealth v. Seese, supra,* to permit the former and prohibit the latter. *Cf. Kozak v. Struth,* 515 Pa. 554, 531 A.2d 420 (1987) (expert opinion based upon the totality of conflicting evidence usurped jury's function).

Nonetheless, because appellant has failed to preserve this issue for review, we have no occasion to decide whether the testimony in the instant case was permissible expert testimony, tending only to educate the jury and corroborate the witness' testimony inferentially, or impermissible expert testimony usurping the jury's function by presuming to pass upon the veracity of witnesses. Such determinations will, of course, have to be made on a case by case basis.

(Appellant's Brief at 5–6). At trial, appellant objected to the expert witness' "utilization as an expert witness based on the fact she is neither a medical doctor nor has a Doctorate in psychology, with respect to the proposed testimony that's going to be given in terms of fantasies, ..., as well as the fact that the victim has the capacity of determining whether or not if [sic] the events actually occurred." (N.T. 3/6/86 at 24).

To qualify as an expert witness, a witness need only have a "reasonable pretension to specialized knowledge," on a subject for which expert testimony is admissible. *Commonwealth v. Washington*, 235 Pa.Super. 339, 340 A.2d 896 (1975). An expert's pretension to specialized knowledge may be based upon practical, occupational, or other experiential training; the expert need not have gained expertise through academic training. *Commonwealth v. Ellis*, 354 Pa.Super. 11, 510 A.2d 1253 (1986); *Commonwealth v. Daniels*, 280 Pa.Super. 278, 421 A.2d 721 (1980). The determination of whether a witness is qualified to offer an expert opinion on a particular subject is a matter addressed to the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion. *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986); *Commonwealth v. Ellis, supra; Commonwealth v. Bulling*, 331 Pa.Super. 84, 480 A.2d 254 (1984).

Upon review of the record, we find no abuse of discretion on the part of the trial court. To the contrary, despite her lack of a medical degree or a doctorate in psychology, the record sustains the trial court's ruling that the Commonwealth's expert was qualified to express expert opinions regarding the child victim's mental and verbal capacity as determined by standard and accepted tests and the effect of such capacity on a child's ability to generate sexual fantasies.[2]

2. The expert testified that the child victim "is a very concrete thinking girl, and her ability to fantasize at an abstract level is quite limited." (N.T. 3/6/86 at 29). On cross-examination, the expert explained, "her

The expert was a licensed clinical psychologist with bachelor of science and master's degrees in psychology. She testified, during *voir dire* on her qualifications, regarding extensive additional post-graduate course work and seminars attended specifically related to child psychology, incest, and child sexual abuse. She testified that seventy-five percent of her clinical practice involves diagnosis and treatment of sexual abuse victims (N.T. 3/6/86 at 19–23); during direct examination, she indicated that she had seen close to eight hundred sexually abused children. (N.T. 3/6/86 at 30). Her academic and experiential training were clearly *more than sufficient* to cloak her with a "reasonable pretension to specialized knowledge." *Commonwealth v. Washington, supra.*

 Finally, careful review of the record reveals no instance where the expert's reasonable pretension of specialized knowledge was exceeded. We note that appellant made no such objections during her testimony. (N.T. 3/6/86 at 26–37).[3] Appellant's third and final contention is found to be without merit.

## CONCLUSION

Based upon the foregoing, judgment of sentence is affirmed.

WIEAND, J., concurs in the result.

intellectual level is so limited, she would have a very difficult time describing the events that she described without having had the experience." (N.T. 3/6/86 at 35).

3. Appellant has not challenged the qualifications of the expert to provide expert testimony regarding: child sexual abuse in general; normal patterns in the reporting of child sexual abuse; whether the child victim's report was consistent with reports from known child sexual abuse victims; and (on cross-examination) which of several reasons for failing to promptly report sexual abuse probably applied in the instant case. (N.T. 3/6/86 at 26–37). Appellant's failure to raise a challenge to the experts' qualifications to offer expert testimony on such subjects constitutes a waiver of any claim that the trial court abused its sound discretion in this regard. Pa.R.Crim.P. 1123.