559 A.2d 504

COMMONWEALTH of Pennsylvania, Appellant,

v.

James DURST, Appellee.

Supreme Court of Pennsylvania.

Submitted March 10, 1989.

Decided May 30, 1989.

William R. Cunningham, Dist. Atty., Ernest J. DiSantis, Asst. Dist. Atty., Erie, for appellant.

David L. Hunter, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an appeal taken by the Commonwealth (Appellant) from the memorandum opinion and *per curiam* order of the Superior Court which vacated the judgment of sentence imposed on James Durst (Appellee). Appellee was tried and convicted in a non-jury trial before the Honorable Shad Connelly, Judge of the Court of Common Pleas of Erie County, on charges of indecent assault and corruption of minors. Post-trial motions were filed by Appellee and, upon

their denial, the trial court imposed a sentence of two and one-half to five years imprisonment on the corruption of minors charge, and a consecutive sentence of one to two years imprisonment on the indecent assault charge.

On direct appeal to the Superior Court, Appellee's newly appointed counsel challenged counsel's effectiveness in not interviewing various witnesses whose testimony could have been exculpatory and Appellee further contended that his trial counsel had no reasonable basis for failing to so act. Upon reviewing Appellee's claims, the Superior Court concluded that insufficient evidence existed on the record before it to determine whether trial counsel's conduct was effective and, therefore, it vacated the judgment of sentence and remanded the matter to the trial court with instructions to conduct an evidentiary hearing into trial counsel's decision not to interview these witnesses. *Commonwealth v. Durst*, 370 Pa.Superior Ct. 645, 533 A.2d 1073 (1987).

Dissatisfied with the action of the Superior Court, the Commonwealth petitioned us to grant review arguing that, in reaching its decision, the Superior Court misapplied the case law as established by this court when analyzing ineffective assistance of counsel claims.

We granted the Commonwealth's petition to review this issue and now reverse.

We have taken great pains to set forth the criteria that must be established when one attempts to assert the ineffectiveness of counsel. The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the

defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

In making assertions of ineffectiveness, we also require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This is so because we frown upon considering claims of ineffectiveness of counsel in a vacuum. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

As already noted, Appellee advanced the claim before the Superior Court that trial counsel was ineffective for failing to interview exculpatory witnesses. Appellee was charged with corrupting the morals of his four year old daughter and indecently assaulting her. At trial, Appellee's wife testified that Appellee admitted to her that he had sexual contact with their daughter, and two police officers testified that on separate occasions Appellee made similar inculpatory statements to them.

Appellee testified in his own defense maintaining his innocence and alleging that the incriminating statements made to his wife and the police were given under extreme pressure and were not the truth. Appellant further testified that he believed other parties were responsible for the sexual assault on his daughter. He then recounted instances in which he caught his older son and daughter partially unclothed. He also testified that his daughter began to exhibit strange behavior after spending the weekend with a family who lived in the same apartment building that Appellee and his family lived in, and that this other family was known to view sexually explicit materials. Finally, Appellee testified that he once caught a son of this neighbor family exposing himself to his daughter.

Appellee basically argues that his trial counsel was aware of this information which he claims is proof that his daughter was abused by others, and that trial counsel was ineffective for not investigating and interviewing these individuals to see if their testimony would have been beneficial to him.

██ It is well-settled that the failure of trial counsel to call a particular witness does not constitute ineffective assistance unless there is some showing that the testimony of the absent witness would have been beneficial or helpful in establishing the asserted defense. *Commonwealth v. Peterkin,* 511 Pa. 299, 513 A.2d 373 (1986); *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984); *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Anderson,* 501 Pa. 275, 461 A.2d 208 (1983).

██ In this case, there was more than enough evidence produced at trial for the trial judge, as fact finder, to have concluded that Appellee had assaulted his daughter. The evidence Appellee claims should have been introduced seems to us to be an attempt to blame others, including Appellee's own son, by pointing to others who may *also* have had sexual contact with this four year old victim.

It was not argued how this evidence would prove that Appellant did not commit the assaults and, for this reason, we are hard-pressed to see how the testimony of these individuals would have been beneficial to Appellee's defense. We also note that Appellee was given the opportunity to advance this theory at trial and it was within the trial court's discretion to accept or reject it as the finder of fact.

Inasmuch as Appellee's offer of proof tends only to show that others *in addition* to Appellee had sexual contact with the victim rather than showing how this testimony would exonerate him, Appellee has not satisfied his burden of showing that the absent testimony would have been helpful in establishing his innocence. *Pettus; Peterkin.* Under such circumstances, it would not have been helpful to Appellee to explore this in greater detail and counsel cannot be faulted for his actions.

We conclude that Appellee's allegation of trial counsel ineffectiveness is totally devoid of merit and the Superior Court's contrary conclusion and decision to remand for an evidentiary hearing was error.

The Order of the Superior Court is reversed and the matter is remanded to the Superior Court for disposition of remaining issues.

NIX, C.J., concurs in the result.

ZAPPALA, J., dissents.