561 A.2d 39

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James GRUNDY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1989.

Filed July 11, 1989.

386

Mark Pinnie, Media, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellee.

Before DEL SOLE, BECK and MONTGOMERY, JJ.

PER CURIAM:

Appellant was convicted, following a jury trial, of simple assault, robbery, recklessly endangering another person, theft by unlawful taking or disposition, and criminal conspiracy. Post-verdict motions were denied and appellant was sentenced to a total of five to ten years imprisonment. Appellant then filed a motion for reconsideration of sentence which the trial court also denied. This direct appeal followed. Finding no merit to appellant's contentions, we affirm.

Appellant argues on appeal that: (1) the trial court erred in failing to suppress the out of court identification of appellant; (2) the verdict was contrary to the weight of evidence regarding the robbery; (3) the evidence was insufficient to convict appellant of conspiracy or to find appellant acted as an accomplice; (4) the statutory requirement that the Commonwealth give notice to a defendant after conviction but before sentencing of its intention to seek mandatory sentencing for offenses committed on public transportation deprives a defendant of his due process rights; (5) the evidence was insufficient to establish that the incident occurred in an area leading to or from the immediate vicinity of the public transportation station and (6) the phrase

"immediate vicinity" as used in 42 Pa.C.S. § 9713 is unconstitutionally vague. After thoroughly reviewing the record in this matter, we find that the Honorable Charles C. Keeler's opinion completely and adequately disposes of appellant's first three arguments and we, therefore, affirm the judgment of sentence as to those issues.

■ Appellant also argues that he was denied his due process rights as a result of the Commonwealth having provided him notice, subsequent to trial, of its intention to seek mandatory sentencing pursuant to 42 Pa.C.S. § 9713. Section 9713(c) provides in pertinent part as follows:

**Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.

42 Pa.C.S. § 9713(c). While this precise issue has never been addressed with regard to this statute, it has been addressed with regard to other similar mandatory sentencing statutes. In *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986), our Supreme Court addressed the constitutionality of the notice provision provided in 42 Pa.C.S. § 9712(b). Section 9712 provides for mandatory sentencing for visibly possessing a firearm during the commission of a crime. The notice provision of Section 9712 employs the same language as Section 9713(c). The court in *Commonwealth v. Bell, supra,* held that post-conviction notice of the Commonwealth's intention to seek a mandatory sentence pursuant to Section 9712(b) met the requirements of due process since visible possession of a firearm was not an element of the offense charged but rather a factor which became relevant only at the sentencing stage. Similarly, the commission of a crime on or near a public transportation facility is not an element of the crimes charged in the instant matter. Rather, it is a factor which becomes important only for purposes of sentencing. Thus, we conclude

that the post-conviction notice provided for in Section 9713(c) meets the requirements of due process.

■ Appellant next argues that the evidence was insufficient to support the court's finding that the incident occurred at or near the vicinity of the public transportation facility. In reviewing a sufficiency of evidence claim, we must determine whether the evidence and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense(s). *Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1987). Section 9713 provides for a mandatory minimum sentence of at least five years of total confinement if the offense occurs in or near public transportation. Subsection (b) provides:

> ... a crime shall be deemed to have occurred in or near public transportation if it is committed in whole or in part in a vehicle, station, terminal, waiting area or other facility used by a person, firm, corporation, municipality, municipal authority or port authority in rendering passenger transportation services to the public or a segment of the public or if it is committed in whole or in part on steps, passageways or other areas leading to or from or in the immediate vicinity of such a public transportation vehicle, station, terminal, waiting area or other facility.

42 Pa.C.S. § 9713(b). The Commonwealth presented evidence that the incident occurred on a passageway leading from a train station to an adjacent parking lot. Thus, we conclude that the evidence presented was sufficient to support a finding that the incident occurred in an area leading from a public transportation facility.

■ Finally, appellant contends that the phrase "immediate vicinity" as used in 42 Pa.C.S. § 9713 is unconstitutionally vague. Initially, we must address whether appellant has standing to raise this constitutional issue. *Commonwealth v. Stock*, 346 Pa.Super. 60, 499 A.2d 308 (1985). Subsection (b), in relevant part, provides that a crime shall be deemed to have occurred in or near public transportation

... if it is committed in whole or in part on steps, passageways or other areas leading to or from, *or* in the immediate vicinity of such a public transportation facility. 42 Pa.C.S. § 9713(b) (emphasis ours). The evidence presented here established that the incident occurred on a passageway leading to and from a public transportation facility. Thus, the phrase "immediate vicinity" was not even applied to the facts of the instant matter. Where an ascertainable standard is present in a statute, the individual whose conduct falls clearly within the scope of that standard has no standing to challenge that statute on the basis of vagueness. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976). Moreover, a person to whom a statute may constitutionally be applied cannot challenge that statute on the ground that it may be applied unconstitutionally to others in situations not before the court. *Commonwealth v. Stock, supra.* Accordingly, we conclude that appellant lacks standing to raise this issue.

Judgment of sentence affirmed.