565 A.2d 170

**COMMONWEALTH of Pennsylvania**

v.

**Phillip APPENZELLER, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1989.

Filed Oct. 16, 1989.

Regina B. Guerin, Philadelphia, for appellant.

Deborah Fleisher, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, McEWEN, OLSZEWSKI, TAMILIA, POPOVICH, JOHNSON and MELINSON, JJ.

TAMILIA, Judge:

Appellant, Phillip Appenzeller, appeals judgment of sentence of five to ten years imprisonment imposed following jury convictions on October 10, 1985 of rape, criminal conspiracy, statutory rape and indecent assault. A direct appeal filed by trial counsel was dismissed by this Court for

failure to file a brief, however, pursuant to the Post Conviction Hearing Act defendant's right to appeal was reinstated nunc pro tunc by the trial court. The relevant facts as derived from the trial transcripts follow.

The victim, Katherine L., was three years old when appellant and his girlfriend, Rosemary Nolan,[1] sexually assaulted her. Katherine lived around the corner from the home appellant shared with Nolan and her four children and played with Nolan's children, frequently visiting appellant's home.

One day in April, 1984, during daylight hours, appellant and Nolan saw Katherine playing outside and asked her to come inside their home. Once inside, appellant dragged her into his upstairs bedroom, where he and Nolan sexually assaulted her. Although Katherine did not immediately tell her mother about the attack because she was afraid her mother would be angry, her mother noticed that the victim's vagina was red and swollen while giving her a bath. She asked Katherine what was the matter, but Katherine backed away and said nothing. Also in April, the victim began wetting herself and crying at night, which her mother testified was unusual for her.

In May, 1984, the victim's mother asked her whether anyone in the neighborhood had touched her. Again, the victim backed away, but then told her mother that appellant had put his penis in her vagina. The assault was reported and appellant was arrested in July, 1984.

Appellant was tried on May 1–3, 1985 before a jury and found guilty of rape, statutory rape, indecent assault and conspiracy even though appellant denied ever having had contact with the victim. Appellant now argues he should have been allowed to cross examine the victim and her mother regarding a sexual assault upon the victim by another male which allegedly occurred prior to appellant's sexual assault. Appellant contends cross examination in

1. Ms. Nolan, a co-defendant in this case, pled guilty to sexually assaulting the victim, as well as to conspiracy.

this area was relevant to show a source for the victim's rudimentary knowledge of sexual activity.

This case is presented to the Court en banc, upon grant of petition for reargument, on the sole issue of whether evidence of a prior assault is admissible to show knowledge by a child of sexual techniques or nomenclature.[2] We hold it is not. In *Commonwealth v. Berry*, 355 Pa.Super. 243, 513 A.2d 410 (1986), this Court held that proffered cross-examination of the victim concerning sexual involvement prior to trial but after the assault, to undermine her alleged lack of sexual knowledge, which could only be accounted for by the present assault, was barred by the Rape Shield Law, 18 Pa.C.S. § 3104. The only basis for admission of evidence concerning a prior assault would have to do with an assault so proximate in time that it would directly contradict the act

2. While the Court en banc has focused on the implications of the Rape Shield Law, we are not thereby ignoring the two other issues raised by appellant, the first being that the Commonwealth has failed to establish the date and time for commission of the alleged crime, thereby making an alibi defense impossible, and secondly that the Commonwealth failed to prove the charge of rape where the complaining witness of five years of age is unable to present evidence to support the verdict of rape.

As to the first, we find that the court is permitted reasonable leeway in proving the time of the commission of the crime which will vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused. *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888 (1975). The requirements were adequately met by competent testimony of Ms. Nolan, co-defendant, who testified against appellant. Applying the balancing test, we find the Commonwealth satisfied the balancing test provided by *Devlin* and the Commonwealth allegation at the time of the offense satisfied the requirements of due process. *See Commonwealth v. Groff*, 378 Pa.Super. 353, 548 A.2d 1237 (1988); *Commonwealth v. Fanelli*, 377 Pa.Super. 555, 547 A.2d 1201 (1988).

As to the remaining issue that the evidence was insufficient to support the verdict, it is without merit. The evidence was comprised of the testimony of the child victim, the child's mother and the co-defendant. Viewing the evidence in the light most favorable to the verdict winner, the Commonwealth, *Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1988), we find the evidence establishes beyond a reasonable doubt the guilt of appellant. Appellant's assertion is directed essentially to the weight of the evidence and the credibility of the witnesses, which is a prerogative of the finder of fact. *Pearsall, supra*. We find no basis upon which the jury's verdict could be set aside.

or occurrence at issue and in some fashion would be exculpatory as to the charges being prosecuted. *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983). The facts in that case involved proffered evidence of intercourse within hours of the assault which provided an alternative explanation for the presence of semen and sperm in the victim's body. The same rationale can apply to evidence of physical trauma. Such is not the case here.

The child's credibility was never under attack as to the identification of the persons who assaulted her nor was there any foundation laid that her knowledge of sexual techniques and nomenclature was derived from the contact with appellant and his co-conspirator. It is not uncommon in child sexual abuse cases to introduce expert testimony on what is called the child sexual accommodation syndrome, which helps to account for secrecy, delayed, conflicted and unconvincing disclosure, and retraction and helps to account for the child's knowledge of sexual behavior that is age inappropriate. Here, no expert testimony was offered except in the form of testimony by Dr. Paradise, a pediatrician specializing in child gynecology, who explained, based on her experience in over 200 child sexual abuse cases, that rarely is there injury to the child in such assaults.

Appellant's only basis for attempting to introduce testimony concerning a prior alleged assault on this child, to account for her knowledge of sexual terms, is irrelevant to the case before the court. A reading of the record establishes the child victim in this case was very poorly supervised and had largely unsupervised activity on the street and in homes of other children, some older than her. Under these circumstances, it is highly likely she learned of sexual terms and anatomy in her play as well as with the contacts with appellant. The best that appellant's presentation would show is that the child may *also* have been molested by other persons.

This issue is clearly identical to the one reviewed recently by the Supreme Court in *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). In that case, appellant sought to

introduce evidence concerning prior sexual contacts with other persons. In reversing the Superior Court (*Commonwealth v. Durst*, 370 Pa.Super. 645, 533 A.2d 1073 (1987)), in which the majority held such testimony was admissible, the Supreme Court stated:

> Inasmuch as Appellee's offer of proof tends only to show that others *in addition* to Appellee had sexual contact with the victim rather than showing how this testimony would exonerate him, Appellee has not satisfied his burden of showing that the absent testimony would have been helpful in establishing his innocence.

522 Pa. at ——, 559 A.2d at 506.

Since the proffered testimony was irrelevant to appellant's defense, the trial court was correct in holding that the Rape Shield Law, 18 Pa.C.S. § 3104 was applicable. A child no less than an adult is protected from having her prior sexual history paraded in public and having unfair inferences drawn by a jury therefrom. This is particularly true where, as here, the prior history involved another assault. *See Commonwealth v. Johnson,* —— Pa.Super. ——, 566 A.2d 1197 (1989).

Judgment of sentence affirmed.

MELINSON, J., concurs in the result of TAMILIA, J.

POPOVICH, J., filed a concurring and dissenting statement in which JOHNSON, J., joined.

POPOVICH, Judge, concurring and dissenting:

Although I concur in the result reached by the majority, I respectfully dissent from the opinion of the majority because I am convinced that the Rape Shield Law, 18 Pa.C. S.A. § 3104, does not serve as a bar to evidence of prior sexual *assaults* against a victim.

The Rape Shield Law, 18 Pa.C.S.A. § 3104(a), specifically states: "Evidence of *specific* instances of the alleged victim's past sexual *conduct,* ... shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant

where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." (Emphasis added).

I, unlike the majority, do not believe that a prior sexual *assault* qualifies as "past sexual *conduct.*" Inherent in "conduct" is a volitional component which is obviously absent from an "assault." *Black's Law Dictionary,* 268 (5th ed., 1979), defines "conduct" as "Personal behavior; deportment; mode of action; any positive or negative act." It further notes the Model Penal Code definition of "conduct": "An action or omission and its accompanying state of mind or where relevant, a series of acts and omissions. Model Penal Code, § 1.13."

"The Rape Shield Law was enacted primarily to prevent establishment of an unwarranted nexus between the victim's reputation for chastity and her veracity." *Commonwealth v. Johnson,* —— Pa.Super. at ——, 566 A.2d at 1199. The fact that a victim was sexually assaulted previously does not, in any manner, reflect upon her "chastity or veracity." Accordingly, I do not believe that the rule applies when a defendant seeks to introduce evidence of a prior sexual assault upon the alleged victim. Compare *Miller v. Nevada,* —— Nev. ——, 779 P.2d 87 (1989) (prior false accusations of sexual abuse or sexual assault by complaining witnesses do not constitute "previous sexual conduct" for rape shield purposes). See also *Clinebell v. Com.,* 235 Va. 319, 368 S.E.2d 263, 264 (1988).

Rather than apply the Rape Shield Law, I am convinced that the question of whether evidence of a past sexual assault of an alleged victim is admissible is controlled by the rules of evidence. Simply put, the evidence proffered by the defendant must be relevant. Evidence is relevant if it logically tends to prove or disprove a material fact at issue, or if it tends to make such a fact more or less probable, or if it affords the basis for a reasonable inference or presumption as to the existence of a material fact in issue. *Commonwealth v. Haight,* 332 Pa.Super. 269, 481 A.2d 357 (1984), *affirmed* 514 Pa. 438, 525 A.2d 1199 (1987).

Instantly, I believe that the evidence of a prior sexual assault inflicted upon the victim offered to explain the victim's knowledge of sexual activity is not relevant. The fact that the victim possessed a rudimentary knowledge of sexual activity does not exculpate appellant, regardless of how the knowledge was acquired. Under the present facts, I am convinced that the proffered evidence was not relevant, and, therefore, I find that the trial court did not abuse its discretion in excluding the evidence of a prior sexual assault upon the victim.

Accordingly, I concur in the result.

JOHNSON, J., joins in the concurring and dissenting statement by POPOVICH, J.