J-S14045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JESSE WADE | |
| Appellant | No. 638 EDA 2017 |

Appeal from the PCRA Order January 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206791-2001

BEFORE: OTT, J., MCLAUGHLIN, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 27, 2018**

Appellant, Jesse Wade, appeals from the order entered January 19, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On February 24, 2004, Appellant pleaded guilty to one count each of third degree murder, robbery, criminal conspiracy, and possessing an instrument of crime.[1] On the day Appellant was to be sentenced, he filed a pre-sentence motion to withdraw his plea, asserting his innocence. However, following a colloquy on the record, the court denied the motion and proceeded to sentencing. On March 17, 2004, Appellant was sentenced to twenty to forty years of incarceration for murder, a consecutive five to twenty years of

_____

[1] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i), 903, and 907, respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

incarceration for robbery, and concurrent terms of five to twenty years for conspiracy and two and one-half to five years of incarceration for PIC. This amounted to an aggregate sentence of twenty-five to sixty years of incarceration.

Appellant timely appealed his judgment of sentence, but his appeal was dismissed due to his failure to file an appellate brief. Following the successful litigation of a PCRA petition, Appellant's direct appeal rights were reinstated *nunc pro tunc*. On appeal, this Court found that the lower court had denied Appellant's motion prior to receiving evidence as to whether withdrawal of the plea would prejudice the prosecution, and it made no findings in this regard. *See Commonwealth v. Wade*, 970 A.2d 484, *6-7 (Pa. Super. 2009) (unpublished memorandum). Thus, the matter was remanded for further proceedings. *Id.*

The trial court conducted an evidentiary hearing in March 2010 and determined the Commonwealth had not been substantially prejudiced by Appellant's request to withdraw his plea. *See Commonwealth v. Wade*, 31 A.3d 749, *6-7 (Pa. Super. 2011) (unpublished memorandum). Accordingly, the trial court vacated Appellant's judgment of sentence and granted him a new trial. The Commonwealth appealed, and a panel of this Court found the trial court had erred in not finding prejudice, and ordered, on remand, for the trial court to reinstate Appellant's guilty plea and his judgment of sentence. *Id.* at *15.

Appellant's petition for allocatur was denied.  ***See Commonwealth v. Wade***, 34 A.3d 830 (Pa. 2011) (unpublished memorandum).  The United States Supreme Court denied certiorari.  ***See Wade v. Pennsylvania***, 132 S. Ct. 2113 (2012).[2]

Appellant *pro se* timely filed a PCRA petition on September 21, 2012, and an amended petition on January 11, 2013, raising claims of prosecutorial misconduct due to withholding evidence, ineffective assistance of counsel for failing to obtain x-rays taken of Appellant's body, judicial impropriety, improper warrantless arrest, and violations of due process during his sentencing.  Counsel was appointed to represent him.  While still represented by counsel, Appellant purported to file a second amended petition; however, this petition was a legal nullity.  ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (noting that a pro se filing by a represented defendant constitutes "legal nullity").  In December 2016, PCRA counsel filed a letter pursuant to ***Turner/Finley***[3] and an accompanying motion to withdraw.

On January 19, 2017, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing.

---

[2] Appellant's judgment of sentence thus became final on April 30, 2012, when the United States Supreme Court denied Appellant's writ of certiorari.  ***Wade***, 132 S. Ct. 2113; ***see also*** 42 Pa.C.S. § 9545(b)(3) (noting that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United states).

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Before the court granted counsel's motion and dismissed the petition, Appellant *pro se* filed a notice of appeal.[4] On February 28, 2017, the PCRA court issued two orders, 1) directing Appellant's compliance with Pa.R.A.P. 1925(b), and 2) formally dismissing Appellant's PCRA petition and granting counsel's petition to withdraw.

The court's Pa.R.A.P. 1925(b) order provided that Appellant must file of record in the lower court and serve on the PCRA court his concise statement within twenty-one days of the date of the order, or by March 21, 2017. **See** Order, 2/28/17, at 1. The order also advised Appellant that any issues not contained within the concise statement would be deemed to have been waived, and that while the court would extend the filing period for good cause shown, Appellant must request an extension in writing prior to the expiration of the filing period or demonstrate extraordinary circumstances to justify *nunc pro tunc* relief.

Appellant did not file his statement by March 21, 2017, nor did he request an extension in writing. The PCRA court issued its opinion on May 1, 2017, finding Appellant had waived all of his issues for purposes of appeal.[5]

---

[4] Pa.R.A.P. 905(a)(5) provides that when a notice of appeal is filed after the announcement of a determination, but before the entry of an appealable order, we treat the notice as filed after such entry and on the day thereof. **See also Commonwealth v. Cooper**, 27 A.3d 994, 1007-08 (Pa. 2011).

[5] The PCRA court notes that its opinion was issued after the expiration of its sixty-day deadline to transmit the record. **See** PCRA Court Opinion (PCO), 5/1/17, at 2-3 (citing Pa.R.A.P. 1931(a)).

- 4 -

On June 19, 2017, Appellant filed a "concise statement of matters complained of on appeal *nunc pro tunc*," claiming that he had submitted his concise statement on March 15, 2017, by placing it in the mailbox at SCI-Graterford. He also provided a cash slip showing that he had sent mail to the court on March 15, 2017. While it does not appear that the court received this statement, as it does not appear on the docket and was not served on the judge, nevertheless, we will address Appellant's appeal on the merits.[6]

Appellant raises two issues for our review:

1. Did the trial court err by dismissing the PCRA petition without conducting an evidentiary hearing given that the claim that the guilty plea was unknowing was meritorious?

2. Does the trial court's dismissal of the PCRA petition without an evidentiary hearing constitute a due process violation?

*See* Appellant's Brief at 7.[7]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no

---

[6] *See*, *e.g.*, *Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (noting that pursuant to the prisoner mailbox rule, a document is deemed filed when placed in the hands of prison authorities for mailing). To prove an appeal timely filed, an appellant may include a "cash slip" indicating that the Department of Corrections charged the prison bank account for postage. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

[7] Appellant also raises the claim that the PCRA court erred by submitting a waiver opinion. *See* Appellant's Brief at 7. However, as we address his claims on the merits, this issue is resolved.

support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

First, Appellant claims that the court erred by dismissing his petition without an evidentiary hearing, because his claim that his guilty plea was unknowing was meritorious. ***See*** Appellant's Brief at 14. Appellant admits that although counsel's actions may have been reasonable at the time of the plea, counsel should have conducted further investigation following Appellant's motion seeking to withdraw his plea. ***Id.*** at 14-17. Essentially, Appellant argues that 1) counsel should have investigated the individual who drove Appellant to the hospital, because this person could substantiate the fact that he was an innocent bystander, and 2) counsel should have obtained the projectile taken from Appellant, which "would have demonstrated that Appellant had been shot by . . . one of the robbers." ***Id.*** at 17.

However, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. ***See*** Pa.R.A.P. 302; ***see also*** 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under th[e PCRA], the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been . . . waived."); ***see also Commonwealth v. Spotz***, 18 A.3d 244, 275 n.17 (concluding that the appellant's claim was waived for failure to have presented it to the PCRA court).

In Appellant's first petition, Appellant's sole argument concerning his plea was checking a box that stated his guilty plea was unlawfully induced.

- 6 -

*See* PCRA Petition, 9/21/12, at 2. He offered no other facts, evidence, or argument. In Appellant's amended petition, Appellant contends that the government had withheld favorable evidence, namely, hospital x-rays of his bullet wound, and that counsel was ineffective for failure to obtain those x-rays. *See* Amended Petition, 1/11/13, at 3-4. Additionally, Appellant contended that the trial court had violated the code of judicial conduct, and that his warrantless arrest was a due process violation. *Id.* at 5-9. Nowhere in the petition did he claim that his guilty plea was involuntarily entered. Finally, in his second amended petition, Appellant asserted that he was serving an illegal, mandatory minimum sentence pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[8] Nowhere in the petition did he claim that

_____

[8] Appellant has abandoned this claim on appeal, but we may address it *sua sponte*. *Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017) (observing that a challenge to the legality of a sentence may be raised by an appellate court *sua sponte*); *Commonwealth v. Barnes*, 151 A.3d 121, 122 (Pa. 2016) (holding that an *Alleyne* challenge implicates the legality of sentence and is, therefore, not waivable). Upon review, we conclude that Appellant is not serving an illegal sentence. Despite his contention that he received a five-year, mandatory sentence pursuant to 42 Pa.C.S. § 9712, the official record belies that claim. There is no mention of section 9712 during the guilty plea colloquy nor during the sentencing hearing. The official docket makes no mention of section 9712, and PCRA counsel stated in his *Turner/Finley* no-merit letter that section 9712 had not been applied to Appellant. Accordingly, his claim is without merit. Moreover, even if Appellant had been sentenced pursuant to section 9712, he would be entitled to no relief. Appellant's sentence was made final in 2012, when the United States Supreme Court denied his petition for *certiorari*. *Alleyne* was not decided until June 17, 2013. Subsequently, it has been determined that the *Alleyne* decision is not entitled to retroactive application. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016) (concluding that *Alleyne* applies only to cases pending on direct appeal as of June 17, 2013); *Commonwealth v. DiMatteo*, 177 A.3d

his guilty plea was involuntarily entered. Accordingly, Appellant has waived his claim that his plea was involuntary. *Spotz*, 18 A.3d at 275 n.17.

Second, Appellant claims that the trial court's dismissal of his PCRA petition without a hearing was a due process violation. *See* Appellant's Brief at 18. Appellant contends that he has a liberty interest in a full and fair proceeding, and that he alleged copious facts challenging trial counsel's effectiveness such that a hearing was warranted. *Id.* at 19. These facts were, presumably, those discussed in his previous issue. *Id.* However, he does not repeat those facts nor elaborate on how those facts impacted a due process claim. *Id.*

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 1/19/17 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). Accordingly, the trial court's dismissal of a petition without a hearing is not automatically a due process violation. *See Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009) (finding no due process violation in denying petitioner an evidentiary hearing where the proffered facts do not entitle him to relief). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material

_____

182, 192 (Pa. 2018) (limiting collateral relief based upon *Alleyne* to timely petitions where the petitioner's judgment of sentence was not final before *Alleyne* issued).

fact and denying relief without an evidentiary hearing." ***Springer***, 961 A.2d at 1264.

We have already found Appellant's claim regarding the voluntariness of his plea waived. Further, even if not waived, the facts as alleged in Appellant's brief were speculative at best, and did not establish an issue of material fact that would require a hearing. ***See***, ***e.g.***, ***Commonwealth v. Durst***, 559 A.2d 504, 505 (Pa. 1989) (noting that an offer of proof must be made alleging sufficient facts upon which a reviewing court can conclude that counsel was ineffective); ***see also Commonwealth v. Eichinger***, 108 A.3d 821, 849 (Pa. 2014) (noting that if the petitioner's offer of proof is insufficient to establish a *prima facie* case, an evidentiary hearing is unwarranted). Accordingly, Appellant's claim lacks arguable merit, and no relief is due. ***See Springer***, 961 A.2d at 1267; ***see also Eichinger***, 108 A.3d at 849.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18