J-S16033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MARK MANN, | : | |
| | : | |
| Appellant | : | No. 1941 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 25, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001539-2017

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: MAY 20, 2019**

James Mark Mann ("Mann") appeals from the judgment of sentence entered following his conviction of rape of a child, aggravated indecent assault of a child less than 13 years old, and indecent assault of a child less than 13 years old.[1]  We affirm.

On January 2, 2017, Mr. C., the victim's father, received information that the victim, eleven-year-old K.C., was heard at school discussing her sexual activity with Mann.  According to Mr. C., K.C. stated that

> [Mann] had licked her and was rubbing [K.C.] down below[,] and that he was massaging it.  And she said that [Mann] tried to put it inside of her[,] but it was too big and wouldn't fit….  And then [K.C.] said that he just kept rubbing it and was rubbing his penis on her vagina.  And she says, when he was done, [she] thought he had peed on [her].  And [Mr.C.] said, well[,] what do you mean by that?  And she says, stuff came out.  And [Mr.C.] said, well,

---

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 3125(a)(7), 3126(a)(7).

what made stuff come out. And she went, he was doing this [(indicating masturbation)].

Trial Court Opinion, 11/6/18, at 3 (citation omitted). K.C.'s mother later took K.C. to the hospital for an examination.

A jury subsequently convicted Mann of the above-described charges. The trial court sentenced Mann, on July 25, 2018, to a prison term of 240-480 months for his conviction of rape of a child less than 13 years of age, a consecutive prison term of 60-120 months for his conviction of aggravated indecent assault, and a consecutive prison term of 9-60 months for his conviction of indecent assault of a child less than 13 years of age. Mann filed a Post-Sentence Motion, which, after a hearing, the trial court denied. Thereafter, Mann filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Mann presents the following claims for our review:

I.      Whether the trial court erred in denying [] Mann's [P]ost-[S]entence [M]otion for judgment of acquittal by finding that the Commonwealth had established beyond a reasonable doubt each of the elements of rape of a child, aggravated indecent assault and indecent assault[,] when the numerous and significant discrepancies in the testimony of the Commonwealth's witnesses made their testimony so unreliable and inclusive that the jury could not reasonably have concluded that the Commonwealth had proven all of the elements of the offenses beyond a reasonable doubt[?]

II.     Whether the trial court abused its discretion in denying … Mann's [P]ost-[S]entence [M]otion for a new trial by finding that the conviction was not against the weight of the evidence[,] when that evidence—primarily eyewitness testimony—was so inconsistent that the jury could not

reasonably have concluded that the Commonwealth had proven his guilt beyond a reasonable doubt[?]

III.    Whether it was an abuse of discretion in not allowing [the] cross[-]examination of a witness about prior sexual conduct when evidence of that conduct had been entered into evidence by the Commonwealth in its case[-]in[-]chief?

*See* Brief for Appellant at 16-17.

Mann first challenges the sufficiency of the evidence underlying his convictions. *Id.* at 23. Mann acknowledges that the Commonwealth presented four witnesses: Mr. C.; Rebecca Voss ("Voss"), the forensic interviewer; K.C.; and Pennsylvania State Police Trooper Jeffrey A. Baney ("Trooper Baney"). *Id.* at 24. Mann posits that "[g]iven the highly inconsistent testimony of the alleged victim[,] K.C., the evidence presented at trial was not sufficient to sustain his convictions." *Id.* Mann contends that there were "numerous and significant discrepancies" in the testimony, and the Commonwealth's evidence was so "weak and inconclusive that no reasonable facts can be drawn from their testimony." *Id.*

As this Court has explained,

[a] claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

*Commonwealth v. McFadden*, 156 A.3d 299, 303 (Pa. Super. 2017) (citation omitted). In order to develop a claim challenging the sufficiency of

the evidence properly, an appellant must specifically discuss the elements of the crimes, "and identify those which he alleges the Commonwealth failed to prove." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014).

In his appellate brief, Mann fails to develop his challenge to the sufficiency of the evidence by identifying the elements of the subject crimes not supported by sufficient evidence. Mann further fails to identify any alleged discrepancies in the testimony of the witnesses. Thus, we could conclude that Mann has waived any review of this issue. ***See id.*** (concluding that the appellant waived his sufficiency claim because he did not specify the elements of the crimes that the Commonwealth failed to prove); ***see also Commonwealth v. Ellis***, 700 A.2d 948, 957 (Pa. Super. 1997) (concluding that an issue is waived when the appellant fails "to develop any argument or cite any authority in support of his vague contention.").

Nevertheless, we observe that as the ultimate finder of fact, the jury was free to believe some, all, or none of the Commonwealth's evidence, and to resolve any inconsistencies or discrepancies in the testimony in either party's favor. ***See generally Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011) (explaining that "[t]he Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, and the jury, which passes upon the weight and credibility of each witness's testimony, is free to

believe all, part, or none of the evidence"). Thus, Mann's claim, based upon inconsistencies in the witnesses' testimony, does not afford him relief.

In his second claim, Mann challenges the verdict as against the weight of the evidence. **See** Brief for Appellant at 25. Mann claims that the testimony of Mr. C., Voss and K.C. offered different versions of the events. **Id.** at 26. According to Mann, "[t]he discrepancies in [K.C.'s] testimony were so numerous and so significant that it would be completely unreasonable for any jury to believe it." **Id.** Mann contends that it would "shock the [c]ourt's sense of justice that the jury apparently did believe the testimony and did convict Mann on all three counts." **Id.**

As our Supreme Court has explained,

[t]he decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Cash**, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations and quotation marks omitted).

The trial court considered the weight-of-the-evidence claim raised in Mann's Post-Sentence Motion as follows:

Contrary to [Mann's] assertions, [the court does] not find the lack of medical evidence or other physical evidence to constitute the

type of facts that are "so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *See* [*Commonwealth v.*] *Stokes*, 78 A.3d [644, 650 (Pa. Super. 2013) (citation omitted).] The medical examination revealed a lack of evidence of sexual activity; it did not conclusively establish that a sexual assault did not happen. Moreover, notwithstanding the inconsistencies and absence of physical evidence, the jury found K.C.'s testimony to be credible. As a matter of law, the jury is entitled "to believe all, part, or none of the evidence, and the credibility determinations rest solely within the purview of the fact-finder." *Commonwealth v. Flor*, 998 A.2d 606, 626 (Pa. 2010). The jury's credibility determination here does not shock [the trial court's] sense of justice, and we therefore discern no merit to [Mann's] weight of the evidence argument.

Trial Court Opinion, 11/6/18, at 12. We agree, and discern no abuse of discretion by the trial court in rejecting Mann's claim. *See id.* Accordingly, we cannot grant Mann relief on this issue. *See id.*

Finally, Mann claims that the trial court improperly precluded the cross-examination of K.C. regarding her prior sexual conduct with a cousin. *See* Brief for Appellant at 27. Mann distinguishes this Court's holding in *Commonwealth v. Appenzeller*, 565 A.2d 170, 171 (Pa. Super. 1989), which held that evidence of a prior sexual assault of the victim, by another man, is not admissible to show knowledge by the child victim of sexual techniques or nomenclature. Brief for Appellant at 27. Mann argues that unlike in *Appenzeller*, the proffered testimony was relevant to his defense, which was based on a challenge to K.C.'s credibility. *Id.* According to Mann, K.C. has offered three versions of the assaults, and claimed her memory was better one year later. *Id.* Mann states that K.C.'s grandmother, Felicia Mann,

testified that K.C. has a reputation for untruthfulness in the community. ***Id.*** at 28. Thus, Mann posits, testimony regarding where K.C. could have learned of sexual acts is part of the defense of the case, and the preclusion of this evidence violated his rights under the Pennsylvania and U.S. Constitutions. ***Id.*** at 28-29.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the appropriate law, addressed Mann's claim, and concluded that it lacks merit. ***See*** Trial Court Opinion, 12/18/18, at 3-7. In particular, we note the trial court's statement that its "evidentiary ruling, predicated on a finding that the limited probative value of the inquiry was far outweighed by the likelihood of unfair prejudice, was not an abuse of discretion." ***Id.*** at 7. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis as to Mann's third claim. ***See id.*** at 3-7.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2019

- 7 -

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICTOF PENNSYLVANIA – FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| | : | |
| v. | : | No. 1539-2017 |
| | : | |
| James Mann, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

### Opinion *sur* Pa.R.A.P. 1925(a)

This Court submits an Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in response to the Notice of Appeal and Concise Statement of Matters Complained of on Appeal filed by James Mann ("Defendant") on November 27, 2018, and December 6, 2018, respectively. For the reasons that follow, this Court respectfully requests the Superior Court affirm the judgment of sentence.

### STATEMENT OF THE CASE

After a jury trial on April 30 and May 1 of 2018, Defendant was found guilty of rape of a child, aggravated indecent assault of a person less than 13 years of age, and indecent assault of a person less than 13 years of age.[1] On July 25, 2018, this Court imposed an aggregate sentence of 309 to 660 months of incarceration.

---

[1] 18 Pa.C.S. § 3121(c), 18 Pa.C.S. § 3125(a)(7), and 18 Pa.C.S. § 3126(a)(7), respectively.

1

Defendant filed a Post-Sentence Motion on July 30, 2018, challenging the sufficiency and weight of the evidence supporting his convictions. By Order and Opinion entered November 6, 2018, this Court denied Defendant's Post-Sentence Motion.

On November 27, 2018, Defendant filed the instant Notice of Appeal. On the same date, this Court directed Defendant to file a Concise Statement of Matters Complained of on Appeal; Defendant timely complied on December 6, 2018.

## ISSUES RAISED

Defendant states the following three issues in his Concise Statement of Matters Complained of on Appeal:

1. Whether the evidence presented at trial failed to prove every element of the crimes charged beyond a reasonable doubt and, therefore, was insufficient to support Defendant's convictions?

2. Whether the guilty verdict following Defendant's trial was against the weight of the evidence presented?

3. Whether it was an abuse of discretion in not allowing cross examination of a witness about prior sexual conduct when evidence of that conduct had been entered by the Commonwealth in its case in chief?

## DISCUSSION

Upon review of Defendant's Concise Statement, we find that the first two issues raised on appeal mirror the claims presented in Defendant's Post-Sentence Motion. Accordingly, we decline to address Defendant's sufficiency and weight of

2

the evidence arguments again here and direct the Superior Court to the attached Opinion denying Defendant's Post-Sentence Motion.

In his third issue, Defendant argues that this Court's ruling precluding evidence of the child victim's past sexual conduct was in error. Specifically, Defendant asserts that he should have been permitted to cross-examine the victim about sexual activity referenced in a videotaped interview of the victim offered by the Commonwealth.

Appellate review of a trial court's evidentiary ruling is conducted under an abuse of discretion standard. Commonwealth v. Woeber, 174 A.3d 1096, 1100 (Pa. Super. 2017). Where the evidentiary ruling involves a question of law, the scope of review is plenary. Id. An abuse of discretion is not "a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Commonwealth v. Schley, 136 A.3d 511, 514 (Pa. Super. 2016).

In the present matter, Defendant sought to cross-examine the victim at trial about a minor individual ("G.L.") whom the victim had referenced in a recorded interview conducted shortly after Defendant's actions were reported to the police. Transcript of Proceedings of Trial by Jury, April 30, 2018 ("T.P., 4/30/18") at 112.

3

The Commonwealth objected to the line of questioning pursuant to the Rape Shield Law. Id. at 112–13. Defense counsel then explained that the purpose of the question was to elicit testimony regarding the victim's knowledge and understanding of sexual activity, and this Court sustained the objection. Id. at 112–113.

Pennsylvania's Rape Shield Law is codified at 18 Pa.C.S. § 3104, which states in relevant part:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104(a). In Commonwealth v. Johnson, 638 A.2d 940 (Pa. 1994), the Supreme Court of Pennsylvania held that the Rape Shield Law does not bar evidence that a complainant had been the victim of a prior sexual assault. Id. at 940–41. However, in so holding, the Supreme Court explained that general evidentiary rules may nevertheless preclude the jury's consideration of such evidence. Id. at 942.

In the present matter, the record is unclear as to whether the victim's contact with G.L. rose to the level of a sexual assault. See T.P., 4/30/18 at 112–13.

4

Regardless, further inquiry into the victim's contact with G.L. was properly excluded under the Rape Shield Law or, alternatively, relevance principles.

As noted above, the Rape Shield Law prohibits the jury's consideration of evidence of "specific instances of the alleged victim's past sexual conduct." 18 Pa.C.S. § 3104(a). By statute, an exception to the Rape Shield Law exists to allow "evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." Id. Pennsylvania courts have additionally recognized other exceptions to the Rape Shield Law, such as where the evidence undercuts the victim's credibility or shows the victim's bias or "motive to lie, fabricate, or seek retribution." Commonwealth v. Cramer, 195 A.3d 594, 603 (Pa. Super. 2018).

Generally, where a party seeks to admit evidence implicating Rape Shield protections, the party submits a proffer to the trial court for an *in camera* hearing so that the trial court may conduct a balancing test, pursuant to Commonwealth v. Black, 487 A.2d 396 (Pa. Super. 1985), of the following three factors: "(1) whether the proposed evidence is relevant to show bias or motive or to attack credibility; (2) whether the probative value of the evidence outweighs its prejudicial effect; and (3) whether there are alternative means of proving bias or motive to challenge credibility." Commonwealth v. K.S.F., 102 A.3d 480, 484 (Pa. Super. 2014).

5

Crucially, any inquiry into a victim's past sexual activity must be "intended to elicit relevant evidence, which is more probative than prejudicial, and which is not cumulative of other evidence available without encroaching upon Rape Shield [L]aw protections." Commonwealth v. Nieves, 582 A.2d 341, 347 (Pa. Super. 1990).

In the present matter, no proffer was submitted pre-trial for this Court to conduct an analysis under the Black framework. Notwithstanding the procedural defect, Defendant's proposed inquiry into the victim's relationship with G.L. does not fall within any enunciated exception to the Rape Shield Law and is, in this Court's view, wholly irrelevant.

Rule 403 of the Pennsylvania Rules of Evidence provides that evidence may be excluded where the probative value of relevant evidence "is outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. Evidence is relevant where "it has any tendency to make a fact of consequence more or less probable than it would be without the evidence." Mitchell v. Shikora, 161 A.3d 970, 972 (Pa. Super. 2017), *appeal granted in part*, 174 A.3d 573 (Pa. 2017).

Furthermore, the Superior Court has stated: "[T]rial judges retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness

6

based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Commonwealth v. Wall, 606 A.2d 449, 457 (Pa. Super. 1992) (emphasis and quotations removed) (quoting Delaware v. VanArsdall, 475 U.S. 673, 679 (1986)).

In light of the foregoing, this Court continues to find that inquiry into the victim's contact with G.L. was irrelevant to whether the victim was subject to sexual abuse perpetrated by Defendant. To the extent Defendant argues that the evidence was relevant to the victim's knowledge and understanding of sexual activity, the Superior Court has explicitly held that evidence of a previous sexual assault is not admissible "to show knowledge by a child of sexual techniques or nomenclature." Commonwealth v. Appenzeller, 565 A.2d 170, 171–72 (Pa. Super. 1989) ("The best that appellant's presentation would show is that the child may *also* have been molested by other persons."). Further, as the Superior Court later concluded in Commonwealth v. Nieves, *supra*, evidence of a previous sexual assault may be properly excluded due to its "minimal probative value and high potential prejudice." Nieves, 582 A.2d at 349.

Consequently, this Court submits that our evidentiary ruling, predicated on a finding that the limited probative value of the inquiry was far outweighed by the likelihood of unfair prejudice, was not an abuse of discretion.

7

## CONCLUSION

In sum, this Court finds Defendant's appeal to be without merit and respectfully requests that the Superior Court affirm the judgment of sentence imposed on July 25, 2018.