489 A.2d 879

**COMMONWEALTH of Pennsylvania**

v.

**Larry CAPERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1984.

Filed March 8, 1985.

Petition for Allowance of Appeal
Denied Sept. 6, 1985.

Douglas M. Johnson, Assistant Public Defender, Thorndale, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and MONTGOMERY, JJ.

WIEAND, Judge:

On March 1, 1982, at or about 1:45 p.m., a man pushed his way at knifepoint into a Lakeside apartment in Cheltenham, Montgomery County. There he blindfolded, bound, undressed, assaulted, terrorized and robbed the female occupant. When the intruder left about 3:05 p.m., the occupant was able to free herself and call the police. She described her assailant as a negro male, approximately five feet, seven inches in height, stocky, light skinned, having dark eyes and eyebrows, and wearing a gray jacket. The description, except for the dark eyes and eyebrows, was broadcast.

The broadcast was heard by Henry Schramm and Harrison Marsteller, members of the Philadelphia Police Department, who were on routine patrol in the City of Philadelphia, approximately five blocks from the Lakeside Apartments. At or about 3:30 p.m., they observed a black male,

later identified as Larry Capers, running toward them from the direction of Cheltenham. Because the man matched the description which had been broadcast by police radio, the police stopped him. He was sweating profusely, was out of breath, had blood on one hand and was carrying a plastic bag. A pat down of Capers' outer clothing revealed a hard object which, upon withdrawal, proved to be a folding knife with five inch blade. Red stained linens were found inside the bag which Capers had been carrying.

Capers was placed under arrest and returned by police van to the Lakeside Apartments. The victim of the earlier crimes refused to allow Capers into her apartment, but while he stood outside and she looked through a window, she was able to identify Capers as her assailant. She also identified the knife which had been removed from Capers' person and the gray jacket which he had been wearing at the time of the crime.

Capers was tried nonjury and was found guilty of robbery,[1] simple assault,[2] indecent assault,[3] terroristic threats,[4] recklessly endangering another person,[5] theft of moveable property,[6] and possession of an instrument of crime with intent to employ it criminally.[7] He was sentenced to a term of imprisonment for seven to fifteen years on the robbery conviction and to a consecutive term of one to three years for possession of an instrument of crime. Sentence for indecent assault was suspended. On direct appeal, Capers contends that various items of physical evidence, including the knife, were products of an illegal arrest and/or unlawful search and should, therefore, have been suppressed. He also contends that the on-the-scene identification by the victim was unduly suggestive, that he did not voluntarily

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 2701.
3. 18 Pa.C.S. § 3126.
4. 18 Pa.C.S. § 2706.
5. 18 Pa.C.S. § 2705.
6. 18 Pa.C.S. § 3921(a).
7. 18 Pa.C.S. § 907(a).

and intelligently waive his right to be tried by a jury, that the evidence was insufficient to sustain a conviction for indecent assault, and that his sentence was excessive. There is no merit in any of these contentions. However, the indefinitely suspended sentence for indecent assault was invalid and will be vacated.

 If police have reasonable suspicion that criminal activity is afoot, they may make a temporary, investigatory stop even though they lack probable cause to make an arrest. *Commonwealth v. O'Neal*, 321 Pa.Super. 323, 325, 468 A.2d 500, 502 (1983). If the police reasonably believe their safety is in jeopardy, a limited search for weapons is justified. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). If incriminating evidence establishing probable cause for arrest is discovered after the temporary stop, a lawful arrest may then be made. *Commonwealth v. Webster*, 291 Pa.Super. 271, 276–277, 435 A.2d 1217, 1219–1220 (1981).

 We agree with the suppression court that the temporary stop and subsequent arrest of Capers in this case were lawful. The information available to the police justified at least an investigatory stop. Moreover, a weapons search was warranted because the investigating police knew that the perpetrator of the robbery had been armed with a knife. Because the plastic bag was easily within Capers reach, it was also proper to examine it for a weapon. By the time Capers was placed under arrest, the police clearly had probable cause therefor. The suppression court properly refused to suppress the knife removed from Capers' person, the red stained linen removed from the bag, and other physical evidence seized by the police. These items could properly be used as evidence.

 The victim's identification of Capers was also admissible. Prompt on-the-scene identifications are generally deemed reliable and not subject to suppression in the absence of a special element of unfairness. *Commonwealth v. O'Neal, supra,* 321 Pa.Superior Ct. at 327, 468 A.2d at

503. Although the victim in this case had been able to see her attacker only for a brief period as he pushed her into the apartment, she had been able to give the police an accurate description of him. She testified that when Capers was returned to her apartment she recognized him "from the jacket that he was wearing, and from his facial description, because he had the same eyes, eyebrows, and his coloring, the same height—it was the same man." Her identification was positive. The suppression court did not err in refusing to suppress the on-the-scene identification or the in-court identification.

Capers does not direct us to any specific facts to support the contention that his waiver of jury trial was involuntary. Our review of the extensive waiver colloquy does not disclose any deficiency or suggest an involuntary waiver. Therefore, we reject Capers' contention that his decision to waive jury trial was involuntary.

In support of his contention that the evidence does not support a conviction for indecent assault, Capers argues that there was a failure of evidence to show that his acts were committed to arouse or gratify sexual desire on the part of himself or his victim. He contends that his intent was to rob and was not sexually motivated.

In reviewing the sufficiency of the evidence in a criminal case, we view all the evidence in a light most favorable to the Commonwealth and draw all reasonable inferences therefrom in favor of the Commonwealth. *Commonwealth v. Carter*, 329 Pa.Super. 490, 496, 478 A.2d 1286, 1288 (1984). We then determine whether the evidence proved each element of the offense beyond a reasonable doubt. *Id.*

A person commits an indecent assault if he "has indecent contact with another not his spouse, or causes such other to have indecent contact with him ... if: (1) he does so without the consent of the other person...." 18 Pa.C.S. § 3126(1). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101.

While the victim was lying on her bed, bound hand and foot, Capers pulled down her pants and underwear and placed a can of mace between her legs. He threatened to push the mace can into her rectum and spray it if she would not tell him the code number of her MAC card. She told him the number. Later, he removed his victim's pants and underwear completely. He also unfastened her bra, pulled her blouse and bra up, and touched parts of her body. Several times Capers told the victim that he should rape her. He also told her that she could either participate in sexual intercourse with him or tell him the type of car she owned and where it was parked. Again, she disclosed the desired information.

 The provisions of 18 Pa.C.S. § 3126 were derived from section 213.4 of the Model Penal Code. The separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Injury to the person is the harm intended to be prevented by other assault offenses. Comment to Model Penal Code § 207.6 tentative draft no. 4, p. 292 (1955). Capers' actions, the trial court could find, were sexually oriented and were both outrageous and humiliating to the victim. Appellant's repeated threats of rape, the placement of the mace can, the removal of the victim's pants and underwear even after she had disclosed the code number of her account, and the touching of parts of her body all suggested that Capers' conduct was motivated, at least in part, by an intent to arouse or gratify sexual desire on the part of himself or his victim. The evidence, therefore, was adequate to support the trial court's finding.

 Finally, we reject Capers' argument that the sentence imposed by the court was excessive. The sentence was within statutory limits, and, considering the seriousness of appellant's offense, his prior criminal record, the fact that he was on parole when these offenses were committed, and his need for correctional treatment, it can-

not be said that the sentence constituted an abuse of discretion.

■■■ An indefinitely suspended sentence, however, is not a legal disposition. *Commonwealth v. Ferrier*, 326 Pa.Super. 331, 473 A.2d 1375 (1984). Therefore, we will vacate the suspended sentence imposed for indecent assault.[8]

The suspended sentence imposed for indecent assault is vacated. The judgments of sentence imposed for robbery and possession of an instrument of crime are affirmed.

---

**8.** The trial court said at sentencing that it did not intend to impose further imprisonment than that imposed for robbery and possession of an instrument of crime.