549 A.2d 593

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Willard GRAYSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 1988.

Filed Oct. 21, 1988.

56

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Douglas J. Wright, Assistant District Attorney, Girard, for Com., appellee.

Before CAVANAUGH, ROWLEY and KELLY, JJ.

KELLY, Judge:

In this case, we are called upon to decide what degree of physical contact is necessary to constitute "indecent contact" within the meaning of that term in 18 Pa.C.S.A. § 3126 which defines the offense of indecent assault. Specifically, we must determine whether the brushing of appellant's penis against the underside of the victim's jaw constitutes touching as contemplated by the statute. Upon review of the record and the applicable authority, we conclude that the physical contact which occurred in this case constituted indecent contact within the meaning of the statute. Accordingly, we affirm.

The following is a summary of the factual and procedural history of this case. In the early morning hours of September 9, 1986, the victim, a fifty-three year old woman who is unable to speak, heard a knock on her apartment door. Because she was not tall enough to view through the peep-hole in the door, she opened it. Appellant, whom she had known for some years, entered her apartment, threatened and then sexually assaulted her. On the same day, appellant was arrested and charged with rape and indecent assault. The indecent assault charge stemmed from the appellant's attempt to put his penis in the victim's mouth. Appellant was tried by a jury which, on March 12, 1987, returned a verdict of guilty on the indecent assault charge only. On March 23, 1987, a motion for a new trial and/or arrest of judgment was filed. This motion was denied on April 15, 1987. On July 28, 1987, sentence was imposed which contained a term of confinement of eleven and one-half (11½) months to twenty-three (23) months. This timely appeal followed.

The principle issue on appeal is whether the evidence was

sufficient to sustain a conviction of indecent assault.[1] Specifically, appellant argues the trial court misapplied the definition of "indecent contact" in determining whether the evidence was sufficient to sustain the conviction. We do not agree.

■ In reviewing the sufficiency of the evidence in a criminal case, all of the evidence must be viewed in a light most favorable to the Commonwealth and all reasonable inferences therefrom must be drawn in favor of the Commonwealth. *Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1987); *Commonwealth v. Capers*, 340 Pa.Super. 136, 489 A.2d 879 (1985).

The pertinent part of 18 Pa.C.S.A. § 3126 ("Indecent Assault"), provides as follows:

A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person;

. . .

"Indecent contact" is defined in 18 Pa.C.S.A. § 3101 as:

Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person.

Appellant asserts that the "touching" in this case is not encompassed within the definition of indecent contact because his penis touched the underside of the victim's jaw which is a non-sensate portion of the body. Specifically, appellant asserts that indecent assault will occur only if the sexual or other intimate part of the defendant's body is touched by a sensate part of the victim's body, *e.g.* hand or foot, for the purpose of arousing or gratifying sexual desire, in either person, without the victim's consent, or if the sexual or other intimate part of the victim's body is

1. Appellant also raised an issue of ineffectiveness of counsel for failure to file timely his post-verdict motion. A review of the record reveals the post-verdict motion was filed timely, hence appellant's claim of ineffectiveness of counsel is without merit.

touched by a sensate part of the defendant's body, *e.g.* hand or foot, for the purpose of arousing or gratifying sexual desire, in either person, without the victim's consent.

> In rejecting appellant's claim, the trial court explained: In this case, the jury could have found that defendant caused the victim to touch a sexual part of defendant for the purpose of arousing or gratifying sexual desire in defendant. Regardless of whether the victim was forced to touch defendant's sexual parts with a sensate or insensate portion of her body, the potential effect upon the victim was the type of harm sought to be punished by the crime of indecent assault.

(Trial Ct.Op. at 2).

 Essentially, this case involves a question of statutory construction. In construing the enactments of the legislature, appellate courts must refer to the provisions of the Statutory Construction Act, 1 Pa.C.S.A. § 1901 *et seq.* The legislature has directed that, "In the construction of the statutes of the Commonwealth, the rules set forth in this chapter shall be observed, unless the application of such rules would result in construction inconsistent with the manifest intent of the General Assembly." 1 Pa.C.S.A. § 1901. In 1 Pa.C.S.A. § 1921(a) and (b) the legislature further explained that:

> (a) *The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.* Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) *When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.*

1 Pa.C.S.A. § 1921 (emphasis added). Words and phrases in a statute are to be construed according to their common meaning and accepted usage. 1 Pa.C.S.A. § 1903(a); *see also Fireman's Fund Ins. Co. v. Nationwide Mut. Ins. Co.,* 317 Pa.Super. 497, 464 A.2d 431 (1983). Criminal statutes are to be strictly construed in favor of the defendant; however, the rule of strict construction does not mandate

that words of a criminal statute be relegated to their narrowest meaning possible. *Commonwealth v. Westcott,* 362 Pa.Super. 176, 523 A.2d 1140 (1987). Language which is capable of more than one meaning can be clear and unmistakable in the context of its usage by the selection of the meaning which is neither forced nor strained. *Cf. Commonwealth v. Butler County Mushroom Farm,* 499 Pa. 509, 516, 454 A.2d 1, 5 (1982). Moreover, in construing statutes, courts must presume that the legislature did not intend absurd or unreasonable results. 1 Pa.C.S.A. § 1922(1).

■ We are called upon to construe the word "touch" as it is used in 18 Pa.C.S.A. § 3101 to define "indecent contact." Specifically, appellant is attempting to distinguish between "sensate" and "non-sensate" parts of the body in determining whether "indecent contact" occurred. As "touch" is not specially defined by the statute and has no special legal meaning in this context,[2] we turn to the dictionary to determine the common meaning and accepted usage of the word "touch":

> Touch: to perceive by the sense of feeling; to come in contact with in any manner, but particularly by means of the hand, finger, etc. . . .

*The Consolidated Webster Encyclopedic Dictionary* 762 (1961).[3] Appellant would construe "touch" as used in the statute to its more limited sense, *i.e.* "by means of the hand, finger . . . ." We reject this construction as absurd and unreasonable.

2. "Touch" is not defined in either *Black's Law Dictionary* (5th ed. 1979) or *Bouvier's Law Dictionary* (Rawle's 3d Rev. 1914).

3. *See also Webster's Ninth New Collegiate Dictionary* 1246 (1986) (touch: "1. to bring a bodily part into contact with esp. so as to perceive through the tactile sense . . . 2. to strike or push lightly esp. with the hand or foot or an implement"); X(1) *Oxford Dictionary,* 180 (1926) (touch: "1. the action or act of touching (with the hand, finger, or other part of the body)"); *Webster's American Dictionary of the English Language* 1163 (Goodrich rev. 1860) (touch: "to be in contact with; to be in a state of junction, so that there is no space between them").

Appellant's endeavor to draw a distinction between sensate and non-sensate parts of the body in order to limit criminal liability under the applicable statute is specious. In *Commonwealth v. Capers, supra,* this Court reviewed the origin of 18 Pa.C.S.A. § 3126: "[t]he separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim." 340 Pa.Superior Ct. at 143, 489 A.2d at 882. The trial court, in the instant case, relied on *Commonwealth v. Capers, supra,* stating: "... the potential effect upon the victim was the type of harm sought to be punished by the crime of indecent assault." (Trial Ct. Op. at 2). It is simply feckless to suggest that the contact was any less outrageous or offensive because appellant's penis came into contact with his victim's jaw rather than her hand.

Moreover, in the instant case, the victim apprehended appellant's penis coming in contact with the underside of her jaw. She apprehended its contact through tactile impressions conveyed to her brain via her nervous system. Despite appellant's assertions to the contrary, we take judicial notice of the undeniable fact that the underside of the jaw is a sensate part of the body. Thus, we find appellant's distinction between sensate and non-sensate parts of the human body for the purpose of defining indecent contact to be contrary to anatomic science as well as the legislative intent of the statute.

■ Finally, we note that if such contact occurred, but due to being unconscious, under the influence of anesthetics, or suffering from nerve damage, etc., the victim was incapable of tactile sensate perception of the contact (though the contact was otherwise established), such contact would be no less offensive and would still fall within the proscription of the statute. The statute is addressed to indecent *contact;* tactile sensory awareness by the victim is not mandated by the statute, and we decline to engraft such a requirement upon it.

62

■ Properly construed, the statute provides that if *any* part of a victim's body is brought into contact with a sexual or intimate part of the defendant's body, without the victim's consent, for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact. Likewise, if a sexual or intimate part of the victim's body is brought into contact with *any* part of the defendant's body, without the victim's consent, for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact. With the statute thus understood, it is evident that the evidence was plainly sufficient to sustain the verdict.

Based upon the foregoing, the judgment of sentence is affirmed.