J-S63042-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD KEMMERER, | : | |
| | : | |
| Appellant | : | No. 830 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 11, 2018
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-2137-2017

BEFORE:  GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **Filed: February 7, 2020**

Donald Kemmerer (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following his convictions for aggravated indecent assault of a child, indecent assault of a person less than 13 years of age as a course of conduct, endangering the welfare of a child (EWOC) as a course of conduct, and corruption of a minor.  Upon review, we affirm.

On August 24, 2017, the Commonwealth filed a criminal information against Appellant charging him with four counts each of the abovementioned crimes.  These charges arose from allegations that Appellant abused a person with whom he has a familial relationship, Z.T., on multiple occasions, at multiple locations, from July 2016 through January 2017.  Eventually,

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant proceeded to a jury trial. At all times relevant to the criminal acts, Z.T. was seven years old.

We provide the following background. Appellant resided on Penn Street in Bath, Pennsylvania with Z.T. and her mother. N.T., 1/9/2018, at 46-47. Appellant often would be alone with Z.T., preparing Z.T. for school in the morning, and supervising Z.T. while her mother was running errands. *Id.* at 68-69. While residing on Penn Street, on one or two occasions, Appellant called Z.T. into his room, removed her pants, and touched her "front private." *Id.* at 48. When Appellant was touching Z.T., Appellant instructed Z.T. "not to tell anybody." *Id.* After Appellant finished touching Z.T., he instructed her to put her pants back on, and she returned to her bedroom. *Id.* at 48-49.

At an unspecified time, Z.T. and her mother, along with Appellant, relocated to East Garrison Street in Bethlehem, Pennsylvania. *Id.* at 46. Appellant continued to act as one of Z.T.'s caretakers. *Id.* at 68-69. While residing at East Garrison Street, Appellant again called Z.T. to his room, and an identical episode occurred. *Id.* at 46, 50.

Sometime in January 2017, Z.T.'s mother took Z.T. to stay overnight with Appellant, alone, at his trailer in the Pocono Mountains. *Id.* at 51, 69. While there, Z.T. testified "[t]he exact same [criminal act]" happened. *Id.* at 51. The next morning, Z.T. was picked up by her maternal grandmother, who testified that Z.T. wanted to stay with Appellant and "seemed fine." *Id.*

- 2 -

at 130-31. But over the course of a few months, Z.T.'s father observed Z.T. acting "kind of just different, kind of withdrawn." ***Id.*** at 60-61. Z.T.'s father implored Z.T. to tell him the reason for her behavior, and prompted Z.T. to disclose that "[Appellant] touched her private." ***Id.*** at 61.

On April 5, 2017, Z.T.'s father filed a police report with the Bethlehem Police Department. ***Id.*** at 89. Detectives interviewed Z.T., and Z.T. disclosed the aforementioned abuse. ***Id.*** at 89-90. After reporting the acts to the police, Z.T. was examined by a pediatric nurse practitioner, who was trained specifically in, *inter alia*, examining children of suspected child abuse. ***Id.*** at 118.

Because of Z.T.'s disclosures, detectives scheduled Appellant for an interview, but Appellant did not appear. ***Id.*** at 91. Detectives contacted Appellant and asked if they could come to meet him, and Appellant agreed. ***Id.*** Upon arrival, police read Appellant his ***Miranda***[1] warnings, and Appellant agreed to speak voluntarily with police. ***Id.*** at 91-92. Detectives then interviewed Appellant concerning Z.T.'s allegations, and "[Appellant] confessed that he placed his fingers inside of [Z.T.'s] vagina." ***Id.*** at 94. Appellant then executed the following signed, written confession. "I, [Appellant], am deeply sorry for what I did. I would like [Z.T.] to know it will never happen again, even if it means I never get to see her again. I am

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

sorry for touching you, [Z.T.], in the vagina only once on Garrison Street." *Id.* at 95-97.

Based on the aforementioned conduct, Appellant was charged with four counts each of aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, EWOC, and corruption of a minor.

Following a jury trial, Appellant was convicted of one count of each of the aforementioned crimes. On January 11, 2018, the trial court sentenced Appellant to an aggregate term of imprisonment of 12 years, 11 months to 35 years. N.T., 1/11/2018, at 14-16. Additionally, Appellant was ordered to register as a sexual offender for the remainder of his life. *Id.* at 10-11.

Appellant timely filed a post-sentence motion for reconsideration of sentence, in which he challenged the sufficiency of the evidence to sustain his convictions and the discretionary aspects of his sentence. The trial court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal. Subsequently, this Court dismissed Appellant's direct appeal for counsel's failure to file a brief.

Appellant timely filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, requesting the reinstatement of his right to a direct appeal *nunc pro tunc*. The PCRA court granted Appellant's petition, reinstating Appellant's direct appeal rights.

This timely-filed appeal followed.[2] On appeal, Appellant first challenges the sufficiency of the evidence to sustain his convictions. Appellant's Brief at 5.

To address a challenge to the sufficiency of the evidence, we must determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

We begin with Appellant's conviction for aggravated indecent assault of a child. "A person commits aggravated indecent assault of a child when the person violates subsection (a)(1) … and the complainant is less than 13 years of age." 18 Pa.C.S. § 3125(b). Subsection (a)(1) provides, in relevant part, as follows.

> [A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's

---

[2] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

- 5 -

body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S. § 3125(a)(1). Regarding penetration, digital penetration is sufficient to support a conviction. *Commonwealth v. Gonzalez*, 109 A.3d at 723. Notably, penetration is not limited to penetration of the vagina; "entrance in the labia is sufficient." *Commonwealth v. Hunzer*, 868 A.2d 498, 506 (Pa. Super. 2005).

The crux of Appellant's argument is that the evidence was insufficient to sustain his conviction because the Commonwealth failed to prove "penetration" of Z.T.'s genitals. Appellant's Brief at 14. In support, Appellant contends that Z.T. never referenced penetration in her testimony, nor disclosed penetration to her father. *Id.* Conversely, the trial court found Z.T.'s testimony that Appellant removed her pants and "touched" her "front private," together with Appellant's written confession, where he indicated that he touched Z.T. "in the vagina," proved the penetration element. Trial Court Opinion, 3/22/18, at 2-3.

Reviewing the evidence in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to enable the jury to find Appellant guilty of aggravated indecent assault of a child. Specifically, Z.T. testified that Appellant removed her pants and touched her "front private." N.T., 1/9/2018, at 48. The foregoing, together with

Appellant's verbal and written confession, respectively, that "he placed his fingers inside of [Z.T.'s] vagina," and "in the vagina," firmly establish that Appellant penetrated Z.T.'s genitals. *Id.* at 94, 97. Moreover, the pediatric nurse practitioner, who conducted a physical examination of Z.T., concluded in her diagnosis that Z.T. was suffering from "acute vulvitis"[3] and that "[Z.T.] was a victim of child sexual abuse." *Id.* at 122. The pediatric nurse found that Z.T.'s labia majora "were a little bit red and a little bit swollen," and thus, in context, one could infer that it was caused by Appellant touching Z.T.'s sexual or intimate parts. *Id.* at 120. Accordingly, we conclude the evidence is sufficient to establish that Appellant penetrated Z.T.'s genitals, and therefore, sustain Appellant's conviction of aggravated indecent assault of a child.

We now turn to Appellant's conviction for indecent assault of a person less than 13 years of age. A person commits the crime of indecent assault when "the person has indecent contact with the complainant … for the purpose of arousing sexual desire in the person or the complainant and [] the complainant is less than 13 years of age." 18 Pa.C.S. § 3126(a)(7). "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in any person." 18 Pa.C.S. § 3101. Evidence that an individual removed a person's pants and underwear and touched parts of the person's body

---

[3] Vulvitis is inflammation of the external genital organs of the female.

supports a conclusion that the conduct was motivated, at least in part, by an intent to arouse or gratify sexual desire. *See Commonwealth v. Capers*, 489 A.2d 879, 882-83 (Pa. Super. 1985).

Appellant assails Z.T.'s testimony that he touched Z.T.'s "front private" as being insufficient to establish indecent contact. Appellant's Brief at 16. In the trial court's view, however, this testimony was sufficient, and in context, one could infer that Appellant touched Z.T.'s sexual or intimate parts for his arousal or gratification. Trial Court Opinion, 3/22/2018, at 3.

The record reveals that Appellant removed then seven-year-old Z.T.'s pants, touched an intimate part of her body, and told her not to tell anyone. N.T., 1/9/2018, at 48. Such evidence circumstantially established that Appellant had indecent contact with Z.T. because he was motivated, at least in part, by a desire to arouse or gratify sexual desire in himself. *See* 18 Pa.C.S. § 3101; *Capers*, 489 A.2d at 882-83. Accordingly, we conclude the evidence is sufficient to sustain Appellant's conviction for indecent assault of a person less than 13 years of age

We now turn to Appellant's conviction for EWOC. A person commits the crime of EWOC when "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age … knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). To be an "other person supervising the welfare of a child," a person must be "a person other than a parent or guardian that

provides care, education, training, or control of a child." 18 Pa.C.S. § 4304(a)(3).

> [T]o support a conviction under the EWOC statute, the Commonwealth must establish each of the following elements: (1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Commonwealth v. Wallace*, 817 A.2d 485, 490-91 (Pa. Super. 2002) (internal quotation marks omitted).

Appellant argues that the evidence was insufficient to establish that he "was in the role of caretaker and had a duty to protect [Z.T.]." *Id.* at 19. Here, the evidence established that while Appellant did not have legal or physical custody rights to Z.T. at the time of the conduct, Appellant owed a duty of care to Z.T. Indeed, Appellant and Z.T. were living together. N.T., 1/9/2018, at 46-47. Appellant would be alone with then seven-year-old Z.T., preparing Z.T. for school in the morning and supervising Z.T. while her mother was running errands. *Id.* at 68-69. Moreover, Appellant was the sole adult present when Z.T. stayed overnight with Appellant in his trailer. *Id.* at 51, 69. Therefore, we affirm Appellant's EWOC conviction.

Regarding Appellant's conviction for corruption of a minor, a person commits this crime when a person, being the age of 18 years or older, by any act corrupts or tends to corrupt the morals of a person less than 18 years of age. 18 Pa.C.S. § 6301(a)(1)(i).

- 9 -

Appellant argues that "[t]he record is devoid of any evidence as to the age of [Appellant]." *Id.* at 21. The trial court found that the evidence was sufficient to sustain Appellant's conviction because, *inter alia*, "[Appellant's] age, while not established by direct evidence, was easily established by the jury's opportunity to observe [Appellant's] physical appearance at the trial." Trial Court Opinion, 3/22/2018, at 5. We agree with the trial court's conclusion holding that evidence of a defendant's age may be provided merely through the jury's opportunity to observe a defendant, and is sufficient to establish that a defendant is age 18 years or older. *Commonwealth v. Miller*, 657 A.2d 946, 947-48 (Pa. Super. 1995). Therefore, Appellant's claim is without merit.

Appellant also challenges the grading of his indecent assault of a person less than 13 years of age and EWOC convictions.[4] Appellant's Brief at 16-17, 20. Appellant avers the evidence was insufficient to establish "any course of conduct." *Id.* Appellant argues this is "demonstrated by the fact that the jury returned a verdict of not guilty with respect to course of

_____

[4] Indecent assault of a person less than 13 years of age is a felony of the third degree if "[t]here has been a course of conduct of indecent assault by the person." 18 Pa.C.S. § 3126(3)(ii). Otherwise, indecent assault of a person less than 13 years of age is a misdemeanor of the first degree. Likewise, EWOC "constitutes a felony of the third degree" if the accused "engaged in a course of conduct" which continued to endanger the welfare of the child. 18 Pa.C.S. § 4304(b)(1)(ii).

conduct as it relates to the offense of [c]orruption of [m]inors." *Id.* at 17, 20.

Preliminarily, we express our view that Appellant makes two separate arguments. Appellant's first argument is to the sufficiency of the evidence to establish a course of conduct. Appellant's second argument is more properly described as a challenge to the inconsistency of the jury's verdict. We will address Appellant's arguments in turn.

"Course of conduct" is an additional fact, which must be found by a trier of fact. *See Commonwealth v. Powpow*, 844 A.2d 13, 18 (Pa. Super. 2004) (stating that "'[c]ourse of conduct' is not an element of the offense of [EWOC], but it is an additional fact, a jury question, that impacts the grading of the offense"). Therefore, "in order to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of 'course of conduct,' and the jury must be instructed on such." *Id.* "The trial court cannot merely assume the jury [finds] this additional fact[,] when no evidence of it [is] presented at trial and no mention of it [is] made in the jury's charge." *Id.*

Although sections 3126 and 4304 of the Crimes Code do not define "course of conduct," this Court espoused the phrase "is defined in multiple instances in the Crimes Code and, in each of those instances, 'course of conduct' implies more than one act over time." *Commonwealth v. Kelly*, 102 A.3d 1025, 1030 (Pa. Super. 2014). This Court elaborated that "course

- 11 -

of conduct" is "a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." *Id.* at 1030-31.

In the instant case, the evidence is sufficient to find a course of conduct for Appellant's convictions. Concerning the indecent assault of a person less than 13 years of age conviction, the Commonwealth alleged in the information and presented evidence at trial that established Appellant had indecent contact with Z.T. on multiple occasions, at multiple locations. N.T., 1/9/2018, at 46-47, 50-51; Criminal Information, 8/24/2017. Likewise, concerning Appellant's EWOC conviction, the Commonwealth alleged in the information and presented evidence at trial that established Appellant was supervising Z.T. and endangered her welfare. N.T., 1/9/2018, at 46-47, 51, 68-69; Criminal Information, 8/24/2017.

At the conclusion of trial, the jury was instructed on the additional factor of course of conduct as to both crimes, and defined course of conduct as "a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." N.T., 1/9/2018, at 183.

As discussed *supra*, the testimony at trial established that the Appellant sexually assaulted Z.T. on more than one occasion. Accordingly, the evidence is sufficient to establish the crimes of indecent assault of a person less than 13 years of age and EWOC as third-degree felonies.

Insofar as Appellant challenges the inconsistency of the jury's verdict, we find no merit to this challenge.

> [T]he United States Supreme Court has recognized that a court's review of the evidentiary sufficiency of a particular conviction is separate from its review of inconsistent verdicts, as sufficiency review entails an assessment of whether the evidence was sufficient for the jury to convict a defendant of a particular offense and is "independent of the jury's determination that evidence on another count was insufficient." *United States v. Powell*, 469 U.S. 57, 67, [ ] (1984). Thus, the Supreme Court has explicitly cautioned that sufficiency review "should not be confused with the problems caused by inconsistent verdicts." *Id.* Accordingly, in line with the high Court, we emphasize that such challenges are more appropriately characterized as challenges to the inconsistency of the jury's verdict, rather than to the sufficiency of the evidence to sustain a particular conviction.

*Commonwealth v. Moore*, 103 A.3d 1240, 1242 n.3 (Pa. 2014). The absence of a finding of course of conduct in one charge is not equivalent to a factual finding and therefore does not render inconsistent verdicts improper so long as there is sufficient evidence presented by the Commonwealth at trial to support the guilty verdict of the other charge(s). *Commonwealth v. Carter*, 282 A.2d 375, 376 (Pa. 1971); *see also Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012), *citing Dunn v. United States*, 284 U.S. 390, 393 (1932) and *United States v. Powell*, 469 U.S. 57, 58 (1984) ("[I]nconsistent verdicts, [ ] under longstanding federal and state law, are allowed to stand so long as the evidence is sufficient to support the conviction."). Inconsistent verdicts are permissible, and "factual findings may not be inferred from a jury's acquittal." *Moore*, 103 A.3d at 1248.

Thus, because we have concluded the evidence is sufficient to establish the crimes of indecent assault of a person less than 13 years of age and EWOC as third-degree felonies, and inconsistent verdicts are permissible, we reject Appellant's challenges to these convictions.

Finally, Appellant challenges the discretionary aspects of his sentence of 12 years and 11 months to 35 years of incarceration. Appellant's Brief at 6. Appellant argues that the sentence imposed "was clearly unreasonable in light of the nature and circumstances of the offenses." Appellant's Brief at 23. Thus, we consider his issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.
>
> ***
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citation and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the

appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal *nunc pro tunc*, preserved the issue in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 12-13. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

- 15 -

In his Pa.R.A.P. 2119(f) statement, Appellant attempted to assert three instances in which the trial court abused its discretion: 1) the aggregate sentence was disproportionate to Appellant's conduct; 2) the trial court relied on an impermissible factor when it imposed Appellant's sentence; and 3) the trial court double-counted factors that were already subsumed in the sentencing guidelines.

Appellant contends that the imposition of consecutive, aggravated-range sentences is excessive.[5] He posits that the sentence is "unduly harsh considering the nature of the crime and the length of imprisonment." Appellant's Brief at 11.

Assuming *arguendo* that Appellant has raised a substantial question,[6] we are not persuaded that his sentence was the result of an abuse of

---

[5] Appellant received all aggravated-range sentences as follows: 96 to 240 months of incarceration for aggravated indecent assault of a child, 24 to 60 months of incarceration for indecent assault of a person less than 13 years of age as a course of conduct, 18 to 60 months of incarceration for EWOC as a course of conduct, and 17 to 60 months of incarceration for corruption of a minor, all to be served consecutive.

[6] Appellant's claim amounts to little more than a bald claim of excessiveness, which does not raise a substantial question. ***See***, ***e.g.***, ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) ("[E]xcesiveness claims premised on imposition of consecutive sentences do not raise a substantial question for [this Court's] review"); ***see also Commonwealth v. Minnich***, 662 A.2d 21, 24 (Pa. Super. 1995) (noting that appellant challenging the trial court's imposition of sentence in the aggravated range failed to raise a substantial question when the court below places reasons on the record for the sentence imposed), *citing* ***Commonwealth v. Prestidge***, 539 A.2d 439, 442 (Pa. Super. 1988) ("[a]lleging that [a] sentence [ ] improperly imposed in the aggravate[ed] range, will not, by itself, raise a substantial question"). However, this Court has addressed the merits of claims that "the decision to

discretion. At sentencing, the trial court offered sufficient, valid reasons for imposing the sentences it did, noting Appellant's familial relationship to the victim, prior record, the nature of those crimes, and the nature of the instant offenses. N.T., 1/11/2018, at 14-15. Thus, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in considering Appellant's lack of remorse when imposing Appellant's sentence. *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013)).

In contrast, Appellant's remaining two claims, that the trial court relied on an impermissible factor and double-counted factors, each raise a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (holding reliance on an improper sentencing factor raises a substantial question permitting review); *Commonwealth v. Goggins*, 748 A.2d 721, 731 (Pa. Super. 2000) (holding a claim that the trial court impermissibly double-counted factors already incorporated in the sentencing guidelines raises a substantial question). Thus, we review the merits of Appellant's claims.

---

sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." *Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa. Super. 2014) (internal quotation marks omitted).

Specifically, Appellant claims that "the trial court improperly considered the fact that Appellant maintained his innocence." Appellant's Brief at 28. Appellant also alleges that the trial court abused its discretion by double-counting factors already identified in the sentencing guidelines, specifically his criminal history. *Id.* at 28-29.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Colon*, 102 A.3d at 1033, 1044 (Pa. Super. 2014) (citations and quotation marks omitted). Lack of remorse is an appropriate sentencing consideration. *See, e.g., Commonwealth v. Begley*, 780 A.2d 605, 644 (Pa. 2001) (noting lack of remorse, as a sign of the defendant's character, is an appropriate consideration for sentencing outside of the guidelines).

Moreover, this Court has held that "[w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citations omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

Instantly, at sentencing, the trial court referred to Appellant's criminal history, which notably included viewing child pornography. N.T., 1/11/2018,

- 18 -

at 15. The trial court found Appellant's criminal history to be an aggravating factor because the previous crime was also of a sexual nature involving minors, and the Appellant's prior record score did not sufficiently integrate the relatedness of the crimes in his prior record. *Id.* The trial court also found Appellant's familial relationship to the victim as an aggravating factor. The trial court addressed the Appellant: "[Y]our relationship to the victim, the fact that she was [related to you] and that you preyed upon her and you took advantage of her[, w]hen you were supposed to be caring for her, you were molesting her." *Id.* at 14. In sum, the trial court properly weighed Appellant's relationship to the victim, prior record, the nature of those crimes, and the nature of the instant offense. All of those considerations are permissible and differentiate from the factors enumerated in the sentencing guidelines. Additionally, the trial court emphasized in its opinion

> the [Appellant's] demeanor at sentencing, including his flat affect and his poor attitude towards the [c]ourt, indicated that he lacked any remorse for the victim's trauma in being victimized and in testifying before the [c]ourt, but rather that he was focused solely on how he was being affected by the proceedings.

Trial Court Opinion, 4/8/2019, at 3. Accordingly, we cannot agree that the court relied on an impermissible factor or double-counted any factors. Thus, the trial court did not abuse its discretion in fashioning Appellant's sentence.

All in all, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/7/20