J-A09001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                               :             PENNSYLVANIA
                               :
              v.               :
                               :
                               :
                               :
ROBERT JOYNER                  :
                               :
         Appellant             :   No. 677 EDA 2021

Appeal from the Order Entered March 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0003715-2020

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 3, 2022**

Appellant Robert Joyner appeals from the judgment of sentence made final by the March 8, 2021 order entered in the Court of Common Pleas of Philadelphia County denying his petition for writ of *certiorari*,[1] following his conviction for indecent assault and related offenses in the Philadelphia Municipal Court.  Appellant challenges the sufficiency of the evidence supporting his conviction for indecent assault.  After review, we reverse the order denying Appellant's petition for writ of *certiorari*, and remand for further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order filed in the Philadelphia Court of Common Pleas denying a petition for *writ of certiorari* confirms the judgment of sentence for purposes of appeal. ***See, e.g., Commonwealth v. Chichkin***, 232 A.3d 959, 961 (Pa. Super. 2020).

The *certiorari* court, in its review of the Municipal Court's verdict, set forth the facts of this matter as follows:

> [T]he Commonwealth presented testimony from the complaining witness, Mary Bell Leon. Ms. Leon testified that she was working as a City of Philadelphia school crossing guard at the corner of Front and Somerset Streets (2800 Front St.) at approximately 3:00 PM on December 18, 2019. At that time and place, [Appellant] came and stood beside Ms. Leon, and "pulled his pants down." Ms. Leon testified, "I saw his penis." At that time, she said, "I just saw it (his penis) and I just started crossing the street." Ms. Leon testified [Appellant] "Came behind me and attacked me, like bear hugged, came right behind me and hold me tight and that's when I thought of fighting back with him." When asked if [Appellant's] pants were still down when he was grabbing her, the complainant answered, "Yes." She also testified she did not know whether [Appellant's] penis touched her body. [Appellant] continued to grab Ms. Leon until a "lady came out of her car and she pushed him and told him to get away." When questioned if she consented to [Appellant] touching her in any way that day, the complainant answered, "No. I don't know him, no."

*Certiorari* Ct. Op., 9/29/21, at 2-3 (some formatting altered).

On February 10, 2020, Appellant was arrested and charged with unlawful restraint, false imprisonment, indecent exposure, REAP, and two counts of indecent assault.[2] On February 27, 2020, the Municipal Court found Appellant not guilty on the charge of false imprisonment and guilty of all remaining charges. On February 27, 2020, the Municipal Court sentenced Appellant to twelve months' probation for unlawful restraint and found that the remaining counts merged. Appellant was also ordered to register as a Tier

---

[2] 18 Pa.C.S. §§ 2902(a)(1), 2903(a), 3127(a), 2705, 3126(a)(1), and 3126(a)(2), respectively.

II offender under the Sexual Offender Registration and Notification Act[3] (SORNA).

On March 27, 2020, Appellant filed a petition for writ of *certiorari* with the Philadelphia Court of Common Pleas. Therein, Appellant challenged the sufficiency of the evidence supporting his conviction for indecent assault. The *certiorari* court denied Appellant's petition on March 8, 2021.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The *certiorari* court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue:

Did the [trial] court err when it denied the writ of *certiorari* contesting the sufficiency of evidence to prove indecent assault?

Appellant's Brief at 3 (some formatting altered).

Appellant argues that the Commonwealth failed to prove that he had "indecent contact" with the complainant. *Id.* at 11-12. In support, Appellant asserts that although he bear-hugged the complainant, he did not touch a sexual or intimate part of her body. *Id.* Further, Appellant claims that although he exposed his penis prior to the bear hug, it was speculative to surmise that his genitals touched the complainant or that such contact was for the purpose of arousing or gratifying sexual desire. *Id.* He also notes that the complainant stated that she did not feel Appellant's penis touch her body

---

[3] 42 Pa.C.S. §§ 9799.51-9799.75.

and was not sure if it had. *Id.* at 11. Therefore, Appellant concludes that his behavior was not indecent, but merely offensive and unwelcome. *Id.* at 12-13.

Based on the procedural posture of this case, we begin with the following:

> Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court.

*Commonwealth v. Coleman*, 19 A.3d 1111, 1118-19 (Pa. Super. 2011) (citations omitted). "[A] defendant is legally required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the Municipal Court, or they will be considered waived on appeal." *Commonwealth v. Williams*, 125 A.3d 425, 431 (Pa. Super. 2015) (citation omitted).

Moreover,

> [a] lower court's decision on the issuance of a writ of *certiorari* will not be disturbed absent an abuse of discretion. *Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law. Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on *certiorari*. A petition for a writ of *certiorari* provides an aggrieved party an alternative to a trial *de novo* in the Court of Common Pleas.

*Commonwealth v. Elisco*, 666 A.2d 739, 740-41 (Pa. Super. 1995) (citations omitted). When a writ of *certiorari* is denied, a defendant may then

raise evidentiary and sufficiency issues on appeal. ***See Coleman***, 13 A.3d at 1119.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Section 3126(a) defines indecent assault, in relevant part, as follows:

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> > (1) the person does so without the complainant's consent;
> >
> > (2) the person does so by forcible compulsion;

18 Pa.C.S. § 3126(a)(1) and (a)(2).

Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in any person." 18 Pa.C.S. § 3101.

The Commonwealth is not required to prove that there was "skin to skin" contact in order to sustain a conviction for indecent assault. *Commonwealth v. Gilliam*, 249 A.3d 257, 268 (Pa. Super. 2021) (citation omitted). Further, this Court has held that "if any part of a victim's body is brought into contact with a sexual or intimate part of the defendant's body, without the victim's consent, for the purpose of arousing or gratifying the sexual desire in either person, such contact constitutes indecent contact." *Commonwealth v. Grayson*, 549 A.2d 593, 596 (Pa. Super. 1988) (formatting altered); *see also Commonwealth v. Hawkins*, 614 A.2d 1198, 1201 (Pa. Super. 1992) (stating that "whether the offender is touching a sexual or intimate part of the victim's body, or the offender is forcing the victim to touch a sexual or intimate part of his body, the act of 'touching,' as construed by the *Grayson* [C]ourt, is not limited to the hand or finger"). Finally, this Court has emphasized that "tactile sensory awareness by the victim is not mandated by the statute," as an indecent contact "would be no less offensive and would still fall within the proscription of the statute," if the victim did not physically feel the contact. *Grayson*, 549 A.2d at 596.

Here, the *certiorari* court addressed Appellant's sufficiency claim as follows:

> The evidence at trial showed that [Appellant] approached the complainant, pulled down his pants exposing his genitals (sexual or intimate parts), without her consent forcibly grabbed the complainant against her will and had to be removed from holding the complainant with the assistance of another person. Although the complainant was not sure whether [Appellant's] genitals came in contact with her, [the Municipal Court] found that the circumstantial evidence indicated it had. As all other elements of the offense are clearly met, the additional determination that there was indecent contact between [Appellant] and complainant was sufficient to prove beyond a reasonable doubt that [Appellant] committed indecent assault in violation of 18 Pa.C.S. § 3126(a)(1) and (a)(2).

Trial Ct. Op. at 4-5.

Following our review of the record and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the *certiorari* court's conclusions. **See Palmer**, 192 A.3d at 89. As noted by the *certiorari* court, the complainant testified that Appellant pulled down his pants, exposed his genitals, and forcibly grabbed and bear-hugged the complainant from behind. **See** N.T., 02/27/20, at 8. Although the complainant was not sure if Appellant touched her with his genitals, we reiterate that the Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. **Palmer**, 192 A.3d at 89. Moreover, neither skin to skin contact nor the victim's perception of the contact is required. **See Grayson**, 549 A.2d at 596 (stating that "[t]he statute is addressed to indecent contact; tactile sensory awareness by the victim is not mandated by the statute, and we decline to engraft such a requirement upon it."); **see also Commonwealth v. Ricco**, 650 A.2d 1084, 1085 (Pa. Super. 1994) (finding evidence sufficient to prove indecent assault

- 7 -

where the appellant placed the victim's hand on the appellant's genitals over his underwear and concluding that that there is no skin-to-skin-contact requirement in the indecent assault statute).

As stated previously, the record establishes that Appellant pulled down his pants, exposed his genitals, grabbed the complainant in a bear-hug, and made contact with the complainant with the front of his unclothed body. The circumstantial evidence supports the conclusion that Appellant's exposed genitals made contact with the complainant's clothed body and that Appellant acted for the purpose of sexual gratification. **See Grayson**, 549 A.2d at 596; **see also Gilliam**, 249 A.3d at 268. Therefore, on this record, we conclude that Appellant is not entitled to relief.[4]

_____

[4] We are aware that our Supreme Court granted allowance of appeal from this Court's decision in **Commonwealth v. Gamby**, 1813 MDA 2019, 2021 WL 99749 (Pa. Super. filed January 12, 2021) (**Gamby** 1), *appeal granted*, 188 MAL 2021 (Pa. Aug. 17, 2021) (**Gamby** 2). However, the facts in **Gamby** 1 are distinct from the instant case. In **Gamby** 1, there was no contact at all between the victim and the appellant's genitals, nor did the appellant make contact with the victim's genitals. **See Gamby** 1 at *1. Instead, in **Gamby** 1, the appellant kissed the victim's neck without permission and subsequently removed his clothes and exposed his genitals. **Id.** A panel of this Court concluded that, under those circumstances, the evidence was sufficient to prove indecent assault. **Id.** at 4-5. Our Supreme Court granted allowance of appeal with respect to the following question: "Did the Superior Court commit an error of law when it held that the kissing and touching of the victim's neck, without the victim's consent, constituted indecent contact with an 'intimate' part of the victim's body sufficient to sustain [the] conviction for indecent assault under 18 Pa.C.S. § 3126?" **Gamby** 2. In the instant case, there was circumstantial evidence proving that Appellant removed his clothes **and then** made contact with the complainant from behind with his exposed genitals, a "sexual or intimate part" of his body. As such, we conclude that this case is distinguishable from **Gamby** 1, where the unwanted contact was a kiss on the

*(Footnote Continued Next Page)*

Finally, we note that although Appellant does not challenge the Philadelphia Municipal Court's sentence, the Commonwealth argues that the Municipal Court judge erred in finding that indecent assault and indecent exposure merged with unlawful restraint for sentencing purposes. Commonwealth's Brief at 7. Because merger impacts the legality of sentence, we may review this issue *sua sponte*. **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889 (Pa. Super. 2019) (citation omitted).

In reviewing a merger issue, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Edwards**, 256 A.3d 1130, 1136 (Pa. 2021). Merger is appropriate only when two distinct facts are present: "[(1)] the crimes arise from a single criminal act and [(2)] all of the statutory elements of one offense and included in the statutory elements of the other offense." 42 Pa.C.S. § 9765; **see also Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009) (explaining that the test for merger considers whether one offense requires proof of a fact that the other does not) (citation omitted).

Indecent assault is defined, in relevant part, as follows:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces

---

victim's neck, and the question before our Supreme Court is whether the neck can be considered an intimate part of a person's body for purposes of the indecent assault statute.

for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

18 Pa.C.S. § 3126(a)(1) and (a)(2).

With respect to indecent exposure, the statute provides:

A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

18 Pa.C.S. § 3127(a).

Finally, the unlawful restraint statute states that "a person commits a misdemeanor of the first degree if he knowingly . . . restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]" 18 Pa.C.S. § 2902(a).

Here, as noted previously, the Municipal Court concluded that Appellant's sentences for indecent assault and indecent exposure merged with unlawful restraint. However, upon review of the statutory definitions for each offense, it is evident that each statute is dissimilar and contains elements that the others do not contain. Specifically, the Commonwealth must establish that a defendant had indecent contact with a person for the charge of indecent assault, while the charges of unlawful restraint and indecent exposure do not contain this element of proof. Likewise, the charge of indecent exposure requires the Commonwealth to prove that a defendant exposed his genitals,

but the charges of indecent assault and unlawful restraint do not contain this element. Further, the charge of unlawful restraint requires the Commonwealth to prove that a defendant restrained a person unlawfully and exposed that person to a risk of serious bodily injury, whereas the charges of indecent assault and indecent exposure do not contain this element. *Compare* 18 Pa.C.S. §§ 3126(a), 3127(a), and 2902(a). Accordingly, we conclude that the Court of Common Pleas erred in denying the writ of *certiorari* because the Municipal Court erred in its conclusion that Appellant's convictions merged for sentencing purposes. *See* 42 Pa.C.S. § 9765; *see also Baldwin*, 985 A.2d at 833.

On this record, we conclude that the evidence was sufficient to support Appellant's conviction for indecent assault. However, we conclude that the Court of Common Pleas erred in denying Appellant's petition for writ of *certiorari* that challenged the Municipal Court's sentencing order that merged Appellant's convictions. For these reasons, we reverse the Common Pleas Court order denying Appellant's petition for writ of *certiorari* and remand to the Court of Common Pleas for further proceedings consistent with this memorandum.[5] *See Commonwealth v. Wilson*, 101 A.3d 1151, 1151 (Pa. Super. 2014).

---

[5] Because Appellant's crimes do not merge, and because we conclude that the evidence was sufficient to prove indecent assault, an enumerated offense under SORNA, upon resentencing, the resentencing court must inform Appellant of any SORNA registration requirements applicable to his conviction for indecent assault. *See* 42 Pa.C.S. § 9799.14 (stating that indecent assault is a Tier II sex offense under SORNA).

- 11 -

Common Pleas Court Order denying motion for writ of *certiorari* reversed. Case remanded to the Court of Common Pleas for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/03/2022